# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY, and UMR, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:21-cv-00364 |
| TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

---

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, AND HCFS HEALTH CARE FINANCIAL SERVICES, LLC

---

Come the Defendants Team Health Holdings, Inc., AmeriTeam Services, LLC, and HCFS Health Care Financial Services, LLC ("Defendants") and for their answer to the Complaint filed by Plaintiffs United HealthCare Services, Inc., UnitedHealthCare Insurance Company, and UMR Inc. (collectively "United") would show as follows.

## <u>NATURE OF THE ACTION</u>

1.     The allegations of paragraph 1 are denied.  This action arises out of a coordinated strategy by United to slash reimbursements to emergency department professionals in an effort to boost United's profits, while using baseless claims of "upcoding" in an effort to villainize the frontline workers who provide life-saving emergency services to United's members.  These

1

clinicians, affiliates of TeamHealth,[1] have objected to United's unlawful behavior, filing several lawsuits across the country to address United's misconduct. Contrary to United's allegations, this action is simply another offensive in United's war on emergency room clinicians, for which United has already been found liable for fraud, oppression, or malice. *See Fremont Emergency Services (Mandavia) Ltd. et al. v. United Healthcare Ins. Co*., No. A-19-792978-B (Clark Co. Nev. District Court (Nov. 29, 2021)). TeamHealth's coding is performed by trained coders, in compliance with government and industry standards. Its coding is widely accepted by public and private payers across the United States and is regularly verified by internal and external audits. TeamHealth has neither "upcoded" nor misrepresented the nature of the lifesaving services provided, the medical professionals providing those services, nor any other material fact. It has committed no fraud, no state or federal statutory violation, and incurred no liability to United or its affiliates under any of the theories alleged in the Complaint.

2.    Defendants admit that TeamHealth is one of the largest emergency room services companies in the United States. The remaining allegations of paragraph 2 are denied.

3.    Defendants admit that TeamHealth affiliates with hospital-based physician groups and provides services to them and to hospital clients and patients. Those services include coding and billing for physician services, thus freeing up doctors to focus on patient care rather than paperwork. The remaining allegations of paragraph 3 are denied.

4.    The allegations of paragraph 4 are denied. Any alleged "pursuit of profit" by TeamHealth is dwarfed by that of UnitedHealth Group, Plaintiffs' parent company, which enjoyed $15,715,000,000 in income in 2021, in the midst of a global pandemic during which TeamHealth's

---

[1] "TeamHealth" is a trade name for a family of affiliated companies providing hospital-based physician staffing and related services to hospitals, other healthcare facilities, and healthcare providers.

affiliated clinicians served on the front lines.  *See* UnitedHealth Group Incorporated Form 10-K for the Fiscal Year Ended Dec. 31, 2021 (https://www.unitedhealthgroup.com/investors/annual-reports.html).

5.      The allegations of paragraph 5 are denied. TeamHealth has acted in good faith and substantial compliance with its legal and contractual obligations at all times.

6.      The allegations of paragraph 6 as to the general nature of Current Procedural Terminology (CPT) codes are admitted. The remaining allegations of paragraph 6 are denied.  On information and belief, United utilizes an algorithm to process claims for emergency services, which employs a list of diagnosis codes to determine whether to pay the claims for emergency services or to deny or downcode the claims in violation of federal law.

7.      The allegations of paragraph 7 as to the existence of five primary CPT codes for evaluation and management services rendered in a hospital emergency department are admitted. The remaining summary is denied, as the AMA CPT manual describes the nature and use of those and other CPT codes.

8.      The allegations of paragraph 8 are denied. Defendants affirmatively allege that, even when United reviews a claim for services and determines (incorrectly) that a claim should be paid at a lower level than billed, United frequently refuses to pay anything for the claim, even though it has all necessary medical records and its own coders have determined that the services are reimbursable emergency services.  This bad faith denial of any payment necessitates fruitless appeals and claim resubmission, resulting in violations of applicable law regarding coverage and payment for services to screen, diagnose, and treat emergency medical conditions.  Moreover, United's misconduct results in unreasonable and unlawful delays and administrative burdens to secure payment for covered services which United well knows are due.

9.     Because the patient described in paragraph 9 is not identified with sufficient particularity to allow for a review of records, Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 9 and hence deny the same. Defendants deny that any services for this or any other patient were upcoded or otherwise improperly billed. On the contrary, services to all of United's members have been billed in accordance with the prudent layperson standard under EMTALA and with appropriate AMA CPT codes. As described below, it is United's unjustified denials of payment for emergency medical services that are contrary to governing standards.

10.     The allegations of paragraph 10 are denied. TeamHealth has acted in good faith and substantial compliance with its legal and contractual obligations at all times.

11.     The allegations of paragraph 11 are denied. Defendants agree with footnote 1 that any disputes arising prior to United's termination of its network contracts with Defendants on or about January 1, 2020, are subject to arbitration clauses under those participating provider agreements and are not part of this action.

12.     The allegations of paragraph 12 are denied.

13.     The allegations of paragraph 13 are denied.

## PARTIES

14.     Upon information and belief, Defendants admit the allegations of paragraph 14 as to United HealthCare Services organization and citizenship.

15.     Upon information and belief, Defendants admit the allegations of paragraph 15 as to UnitedHealthcare Insurance Company's organization and citizenship.

16.     Upon information and belief, Defendants admit the allegations of paragraph 16 as to UMR, Inc.'s organization and citizenship.

4

17.     Defendants admit that their principal place of business is 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee.  The remaining allegations of paragraph 17 are denied.

18.     The allegations of paragraph 18 are admitted.

19.     The allegations of paragraph 19 are admitted.

20.     The allegations of paragraph 20 are admitted.

## JURISDICTION AND VENUE

21.     The allegations of paragraph 21 are denied, as there are Delaware corporations on both sides of the action.

22.     Defendants lack sufficient information to form a belief as to the truth of Plaintiffs' allegations under ERISA and hence deny the same. Defendants admit that Plaintiffs purport to assert claims under RICO, which are denied on the merits as set out below.

23.     The allegations of paragraph 23 as to personal jurisdiction based on presence in Tennessee are admitted. The remaining allegations of paragraph 23 are denied.

24.     The allegations of paragraph 24 as to venue based on presence in Tennessee and this district are admitted.

## BACKGROUND

25.     Upon information and belief, the allegations of the first sentence of paragraph 25 are admitted. The second sentence consists of United's characterization of the case, to which no response is required.

26.     Upon information and belief, the allegations of paragraph 26 are admitted.

27.     Defendants lack sufficient information to form a belief as to the allegations of paragraph 27 and hence deny the same.

28.     Defendants lack sufficient information to form a belief as to the allegations of paragraph 28 and hence deny the same.

29.     Defendants lack sufficient information to form a belief as to the allegations of paragraph 29 and hence deny the same.

30.     Defendants lack sufficient information to form a belief as to the allegations of paragraph 30 and hence deny the same.

31.     Defendants lack sufficient information to form a belief as to the allegations of paragraph 31 and hence deny the same.

32.     Defendants admit that United denies claims for emergency services without any human review of the claims.  Defendants lack sufficient information to form a belief as to the remaining allegations of paragraph 32 and hence deny the same.

33.     Defendants admit that physicians are not required to submit medical records in connection with claims for reimbursement and that United is capable of processing and paying claims without receipt of medical records.  Defendants further admit that United denies claims for emergency services without any human review of the claims.  Defendants lack sufficient information to form a belief as to the remaining allegations of paragraph 33 and hence deny the same.

34.     Defendants admit that United utilizes a computer algorithm to process claims for emergency services.  Defendants admit that United denies claims for emergency services without any human review of the claims but rather through an algorithmic review of the claims in question. Defendants lack sufficient information to form a belief as to the remaining allegations of paragraph 34 and hence deny the same.

35.     Defendants admit that United utilizes a computer algorithm to process claims for emergency services.  Defendants admit that United denies claims for emergency services without any human review of the claims but rather through an algorithmic review of the claims in question. Defendants lack sufficient information to form a belief as to the remaining allegations of paragraph 35 and hence deny the same.

36.     Defendants admit that claims are submitted to United using a standardized CMS-1500 claim form.  Defendants deny the remaining allegations of paragraph 36.

37.     Defendants lack sufficient information to form a belief as to the allegations of paragraph 37 and hence deny the same.

38.     Defendants admit that CPT codes denote the nature of services rendered to a patient.  Defendants lack sufficient information to form a belief as to the remainder of the allegations of paragraph 35 and hence deny the same.  Defendants affirmatively allege that their use of such codes is accurate.

39.     The allegations of paragraph 39 as to the general use of CPT codes is admitted. Defendants lack sufficient information to form a belief as to the remaining allegations of paragraph 39 and hence deny the same.

40.     Defendants lack information as to what information United considers important in adjudicating claims, particularly since it routinely denies accurate claims and unlawfully withholds payment of even undisputed amounts for covered emergency medical services.   Hence the allegations of paragraph 40 are denied.

41.     Defendants admit that one of TeamHealth's lines of business  is  providing emergency room staffing and administrative services.  The allegations regarding medical facilities and healthcare professionals are generally accurate and are admitted, although these specific

7

numbers vary over time. Defendants admit that Blackstone is an investor and owner of TeamHealth. The remaining allegations of paragraph 41 are denied.

42.     The allegations of paragraph 42 are denied.

43.     Defendants admit that TeamHealth-affiliated entities or practice groups often contract with hospitals to provide clinicians. Defendants further admit that some physicians or other clinicians are independent contractors, while others are employees.

44.     The allegations of paragraph 44 are denied. "TeamHealth" is the brand name for a number of affiliated companies and businesses, just as "United" is for Plaintiffs.

45.     Defendants admit that some professional associations serve as employers for physicians, while others have independent contractor arrangements. Some professional associations are owned by licensed physicians, some of whom may serve in other roles as well. The remaining allegations of paragraph 45 are denied.

46.     Defendants admit that many of TeamHealth's affiliate's hospital contracts make it the exclusive staffing company for a hospital emergency department, just as United's contracts make it the exclusive health insurer for its clients and their employees. Defendants deny that there is anything unlawful or improper about such voluntary contractual arrangements, which provide important benefits to hospitals, physicians, and patients. The remaining allegations of paragraph 46 are denied.

47.     Defendants admit that many administrative functions, such as coding and billing, are handled by trained clerical personnel, thus freeing up physicians to see patients rather than fight onerous insurance-company red tape. Defendants admit that their operations are subject to policies and procedures to assure uniformity and quality of services. The remaining allegations of paragraph 47 are denied.

48.     The allegations of paragraph 48 are denied.

49.     The allegations of paragraph 49 are denied.

50.     The allegations of paragraph 50 are denied.

51.     The allegations of paragraph 51 are denied.

52.     The allegations of paragraph 52 are denied.  Defendants affirmatively allege that United's CEO was paid $18.4 million in 2021.  UnitedHealth Group, 2022 Proxy Statement 48 (https://www.unitedhealthgroup.com/investors/annual-reports.html).

53.     The allegations of paragraph 53 are denied.

54.     The allegations of paragraph 54 are denied.  In fact, it is United which operates with a "culture of profit maximization at any cost," as reflected in its $287 billion in revenue, $17.3 billion in net earnings, and $18.4 million in compensation to its CEO, all while acting with malice, fraud, or oppression toward Defendants and their affiliates, as found by a Nevada jury in November 2021.  In addition, United has employed these and similar tactics against other physicians around the country. *See Envision HealthCare Corp. et al. v. United HealthCare Ins. Co., et al.*, No. CACE-22-006902 (Fla. Circuit Court (Broward Co.)) (alleging "a nationwide pattern and practice of intentionally underpaying frontline healthcare providers to boost its profits"); *Envision Healthcare Corp. et al. v. United Healthcare Insurance Co., et al.*, No. CACE-22-006403)  (Fla. Cir. Ct. (Broward Co.)) (same).

55.     The allegations of paragraph 55 are denied.

56.     The allegations of paragraph 56 are denied.

57.     Defendants admit that they or other TeamHealth affiliates are parties to other litigation around the United States, both as  plaintiffs and defendants, including litigation with United in which United has been found liable for fraud, malice, or oppression in its treatment of

9

Defendants or their affiliates. Defendants deny that any other pending or settled litigation is relevant to the claims or defenses in this case or that they have committed upcoding with United or any other payer. Any remaining allegations of paragraph 57 are denied.

58. Since United fails to identify the other insurer in paragraph 58, Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 58 and hence deny the same. Defendants deny that any other pending or settled litigation is relevant to the claims or defenses in this case or that they have committed upcoding with United or any other payer.

59. The allegations of paragraph 59 are a generally accurate summary of the use of CPT codes.

60. Defendants admit that United generally pays higher rates for more complex services reflected in CPT evaluation and management codes 99284 and 99285. Defendants lack sufficient information to form a belief as to the remaining allegations of paragraph 60 and hence deny the same.

61. Defendants deny United's summary of CPT codes 99285 and 99284 to the extent that it differs from the descriptions set out by the American Medical Association in the CPT codebooks for specific years, which speak for themselves.

62. Defendants deny United's summary of CPT codes 99285 and 99284 to the extent that it differs from the descriptions set out by the American Medical Association in the CPT code books for specific years, which speak for themselves.

63. The allegations of paragraph 63 are admitted in that they are a correct quote from the AMA CPT codebook.

64.     Defendants deny United's summary of CPT code 99284 to the extent that it differs from the descriptions set out by the American Medical Association in the CPT code books for specific years, which speak for themselves.

65.     The allegations of paragraph 65 are admitted in that they are a correct quote from the AMA CPT codebook.

66.     Defendants deny that the table in paragraph 66 is part of the AMA's CPT codebook or definitions for codes 99281 through 99285. Since United fails to identify the source of these alleged "numerous industry sources," Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 66 and hence deny the same.

67.     Defendants admit that United has wrongfully subjected claims on behalf of the Defendants' affiliates to pre-payment review, which violates the prompt payment statutes of many states. Defendants deny that they have engaged in abusive billing practices. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of paragraph 67 and hence deny the same.

68.     Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 68 and hence deny the same.

69.     Defendants admit that United has requested thousands of medical records for services provided to its members, resulting in significant additional administrative burdens and costs of providing those services to Defendants and their affiliates. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of paragraph 69 and hence deny the same.

70.     The allegations of paragraph 70 are denied.  In fact, United frequently refuses to pay even the undisputed portion of claims which it believes "should" have been submitted at a lower level, contrary to state and federal law.

71.     Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of paragraph 71 and hence deny the same.

72.     The allegations of paragraph 72 are denied.

73.     The allegations of paragraph 73 are denied.

74.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 74 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.  Defendants also note that "Patient 1" was treated in Nevada, a state where United has been found to have systematically underpaid Defendants' affiliates and to have been guilty of malice, fraud, or oppression.

75.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 75 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.  Defendants also note that "Patient 2" was treated in Nevada, a state where United has been found to have systematically underpaid Defendants' affiliates and to have been guilty of malice, fraud, or oppression.

76.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 76 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.  Defendants also note that "Patient 3" was treated in Nevada, a state where

Case 3:21-cv-00364-DCLC-JEM   Document 49   Filed 06/09/22   Page 12 of 30   PageID #: 382

United has been found to have systematically underpaid Defendants' affiliates and to have been guilty of malice, fraud, or oppression.

77.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 77 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

78.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 78 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

79.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 79 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

80.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 80 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

81.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 81 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

82.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 82 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

83.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 83 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

84.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 84 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

85.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 85 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

86.     Defendants lack sufficient information on the identity of the patient discussed in paragraph 86 to form a belief as to the truth or falsity of those allegations and hence deny the same. Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

87.     Defendants lack sufficient information to determine whether the thirteen cases selected by United from the alleged 47,000 cases are representative and hence deny the same.

Defendants affirmatively allege that their services are appropriately coded in accordance with the AMA CPT codebook.

88.     The allegations of paragraph 88 are denied.

89.     Defendants admit that Defendants AmeriTeam and HCFS employ trained employees to review medical records and prepare claim forms, including selection of appropriate CPT codes. Some of these coders are certified by one or more professional organization and others are trained but not certified; all are subject to a QA process designed to insure accuracy and consistency.  The remaining allegations of paragraph 89 are denied.

90.     Defendants admit that "[m]edical coding can be complex."  The remaining allegations of paragraph 90 are denied.

91.     The allegations of paragraph 91 are denied.

92.     The allegations of paragraph 92 are denied.

93.     The allegations of paragraph 93 are denied.

94.     The allegations of paragraph 94 are denied.

95.     The allegations of paragraph 95 are denied.

96.     The allegations of paragraph 96 are denied.

97.     The allegations of paragraph 97 are denied.

98.     The allegations of paragraph 98 are denied.

99.     The allegations of paragraph 99 regarding a settlement are admitted, but are irrelevant and inadmissible under Rule 408 of the Federal Rules of Evidence.  Defendants deny that the case in question had merit or is relevant to United's claims.  Any remaining allegations in paragraph 99 are denied.

100.    Defendants admit that other insurers seeking to avoid fair payment for emergency medical services have filed suit, often (like United) in apparent retaliation for TeamHealth affiliates seeking fair and timely payment for physicians.  Defendants deny that those cases had merit or are relevant to United's claims.  Defendants deny the remaining allegations of paragraph 100.

101.    The allegations of paragraph 101 are denied.  The case cited by United has been dismissed.

102.    Defendants lack sufficient information as to what United relied upon in paying or refusing to pay claims for emergency medical services and hence denies the allegations of paragraph 102.  Defendants are aware that United denies properly coded claims, fails to pay even the undisputed portions of claims, and grossly underpays physicians for their services to increase its own profits.

103.    Defendants lack sufficient information as to what United relied upon in paying or refusing to pay claims for emergency medical services and hence denies the allegations of paragraph 103.

104.    The allegations of paragraph 104 are denied.

105.    The allegations of paragraph 105 are denied.

106.    Defendants lack sufficient information as to what United relied upon in paying or refusing to pay claims for emergency medical services and hence denies the allegations of paragraph 106.  Defendants are aware that United denies properly coded claims, fails to pay even the undisputed portions of claims, and grossly underpays physicians for their services to increase its own profits.

107.    The allegations of paragraph 107 are denied.

108.     The allegations of paragraph 108 are denied.

109.     Paragraph 109 is a statement of United's intent regarding "the universe of claims at issue" and does not require a response from Defendants.  Defendants deny that any claims submitted to United have been upcoded. Any remaining allegations in paragraph 109 are denied.

110.     The allegations of paragraph 110 are denied.

111.     The allegations of paragraph 111 are denied.  Defendants affirmatively allege that United rarely if ever pays billed charges, often paying zero for undisputed emergency services or a grossly inadequate amount set unilaterally by United and designed to maximize its own profits and punish disfavored providers.

112.     The allegations of paragraph 112 are denied as stated.  TeamHealth's charges for services are based on numerous factors and United's allegations are a gross generalization of that process.

113.     The allegations of paragraph 113 are denied.  The case to which United apparently refers was dismissed.

114.     The allegations of paragraph 114 are denied.  The case to which United apparently refers was dismissed.

115.     The allegations of paragraph 115 are denied.  United is the largest private health insurer in America, not a "consumer." United has no standing to raise issues regarding alleged harm to consumers.

116.     The allegations of paragraph 116 are denied.

117.     The allegations of paragraph 117 are denied.

118.     The allegations of paragraph 118 are denied.

119.     The allegations of paragraph 119 are denied.

120. The allegations of paragraph 120 are denied.

121. The allegations of paragraph 121 are denied as stated.

122. The allegations of paragraph 122 are denied.

123. The allegations of paragraph 123 are denied. Defendants billed for services by advanced practice clinicians in accordance with United's guidelines for such services.

124. Defendants admit that some insurers pay lower rates for advanced practice clinicians, while others pay the same. United's own guidelines have varied over the years. Defendants deny that United has been improperly billed for non-physician services.

125. The allegations of paragraph 125 are denied.

126. The allegations of paragraph 126 are denied.

127. The allegations of paragraph 127 are denied. Defendants deny that other litigation involving other patients, other payors, and other regions, which were resolved without any findings of contested facts, are relevant here.

128. The allegations of paragraph 128 are denied. Defendants affirmatively allege that many states and hospitals require MDs to review charts prepared by advance practice clinicians.

129. The allegations of paragraph 129 are denied as stated.

130. The allegations of paragraph 130 are denied. Defendants deny that other (dismissed) litigation involving other patients, other payors, and other regions, which were resolved without any findings of contested facts, are relevant here.

131. The allegations of paragraph 131 are denied.

132. The allegations of paragraph 132 are denied.

133. The allegations of paragraph 133 are admitted.

134.    Defendants admit that their practice groups have billed for services in accordance with their contracts, which contracts are not before the Court. The remaining allegations of paragraph 134 are denied.

135.    The allegations of paragraph 135 are denied.

## TOLLING

136.    The allegations of paragraph 136 are denied.

## COUNT I:  FRAUD

137.    Paragraph 137 merely incorporates prior allegations by reference.  Defendants incorporate their responses to those allegations by reference.

138.    The allegations of paragraph 138 are denied.

139.    The allegations of paragraph 139 are denied.

140.    The allegations of paragraph 140 are denied.

141.    The allegations of paragraph 141 are denied.

142.    The allegations of paragraph 142 are denied.

143.    The allegations of paragraph 143 are denied.

144.    The allegations of paragraph 144 are denied.

145.    The allegations of paragraph 145 are denied.

146.    The allegations of paragraph 146 are denied.

147.    The allegations of paragraph 147 are denied.

148.    The allegations of paragraph 148 are denied.

## COUNT II:  NEGLIGENT MISREPRESENTATION

149.    Paragraph 149 merely incorporates prior allegations by reference.  Defendants incorporate their responses to those allegations by reference.

150.     The allegations of paragraph 150 are denied.

151.     The allegations of paragraph 151 are denied.

152.     The allegations of paragraph 152 are denied.

153.     The allegations of paragraph 153 are denied.

154.     The allegations of paragraph 154 are denied.

155.     The allegations of paragraph 155 are denied.

156.     The allegations of paragraph 156 are denied.

157.     The allegations of paragraph 157 are denied.

158.     The allegations of paragraph 158 are denied.

159.     The allegations of paragraph 159 are denied.

160.     The allegations of paragraph 160 are denied.

161.     The allegations of paragraph 161 are denied.

## COUNT III:  FRAUDULENT INSURANCE ACT (TENN. CODE ANN. §§ 56-53-102, 56-53-107

162.     Paragraph 162 merely incorporates prior allegations by reference.  Defendants incorporate their responses to those allegations by reference.

163.     Defendants admit that paragraph 163 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

164.     Defendants admit that paragraph 164 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

165.    Defendants admit that paragraph 165 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

166.    Defendants admit that paragraph 166 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

167.    The allegations of paragraph 167 are denied.

168.    The allegations of paragraph 168 are denied.

169.    The allegations of paragraph 169 are denied.

170.    The allegations of paragraph 170 are denied.

171.    The allegations of paragraph 171 are denied.

172.    The allegations of paragraph 172 are denied.

173.    The allegations of paragraph 173 are denied.

174.    The allegations of paragraph 174 are denied.

175.    The allegations of paragraph 175 are denied.

**COUNT IV:  UNLAWFUL INSURANCE ACT (TENN. CODE ANN. §§ 56-53-103, 56-53-107)**

176.    Paragraph 176 merely incorporates prior allegations by reference.  Defendants incorporate their responses to those allegations by reference.

177.    Defendants admit that paragraph 177 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

178.     Defendants admit that paragraph 178 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

179.     Defendants admit that paragraph 179 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

180.     The allegations of paragraph 180 are denied.

181.     The allegations of paragraph 181 are denied.

182.     The allegations of paragraph 182 are denied.

183.     The allegations of paragraph 183 are denied.

184.     The allegations of paragraph 184 are denied.

185.     The allegations of paragraph 185 are denied.

186.     The allegations of paragraph 186 are denied.

187.     The allegations of paragraph 187 are denied.

188.     The allegations of paragraph 188 are denied.

## COUNT V:  TENNESSEE CONSUMER PROTECTION ACT & OTHER STATE CONSUMER PROTECTION STATUTES

189.     Paragraph 189 merely incorporates prior allegations by reference.  Defendants incorporate their responses to those allegations by reference.

190.     Defendants admit that paragraph 190 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

191. Defendants admit that paragraph 191 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

192. Defendants admit that paragraph 192 is a partial quote from a Tennessee statute. Defendants deny that statute is relevant here or that they have violated that or any other law in providing emergency medical care and related services.

193. The allegations of paragraph 193 are denied.

194. The allegations of paragraph 194 are denied.

195. The allegations of paragraph 195 are denied.

196. The allegations of paragraph 196 are denied.

197. The allegations of paragraph 188 are denied.

198. The allegations of paragraph 198 are denied.

199. The allegations of paragraph 199 and subparagraphs a-k are denied.

200. The allegations of paragraph 200 are denied.

201. The allegations of paragraph 201 are denied.

## COUNT VI: DECLARATORY AND INJUNCTIVE RELIEF UNDER ERISA § 502(A)(3) and 28 U.S.C. §§ 2201 and 2202

202. Paragraph 202 merely incorporates prior allegations by reference. Defendants incorporate their responses to those allegations by reference.

203. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 203 regarding United's relationship with unidentified "certain self-funded plans" and hence deny the same.

204. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 204 regarding the terms of any unidentified ERISA plans and hence deny the same.

205. The allegations of paragraph 205 are denied.

206. The allegations of paragraph 206 are denied.

207. The allegations of paragraph 207 are denied.

208. The allegations of paragraph 208 are denied.

209. The allegations of paragraph 209 are denied.

210. The allegations of paragraph 210 are denied.

## COUNT VII: CIVIL RICO, 18 U.S.C. § 1962(c)

211. Paragraph 211 merely incorporates prior allegations by reference. Defendants incorporate their responses to those allegations by reference.

212. The allegations of paragraph 212 are denied.

213. The allegations of paragraph 213 are denied.

214. The allegations of paragraph 214 are denied.

215. The allegations of paragraph 215 are denied.

216. The allegations of paragraph 216 are denied.

217. The allegations of paragraph 217 are denied.

218. The allegations of paragraph 218 are denied.

219. The allegations of paragraph 219 are denied.

220. The allegations of paragraph 220 are denied.

221. The allegations of paragraph 221 are denied.

222. The allegations of paragraph 222 are denied.

223.    The allegations of paragraph 223 are denied.

224.    The allegations of paragraph 224 are denied.

225.    The allegations of paragraph 225 are denied.

226.    The allegations of paragraph 226 are denied.

227.    The allegations of paragraph 227 are denied.

## COUNT VIII:  CONSPIRACY TO VIOLATE CIVIL RICO, 18 U.S.C. § 1962(d)

228.    Paragraph 228 merely incorporates prior allegations by reference.  Defendants incorporate their responses to those allegations by reference.

229.    Defendants admit that paragraph 229 is quotation from the U.S. Code, in part. Defendants deny that the cited statute has any application to this case or that they have conspired to violate that or any other law.

230.    The allegations of paragraph 230 are denied.

231.    The allegations of paragraph 231 are denied.

232.    The allegations of paragraph 232 are denied.

233.    The allegations of paragraph 233 are denied.

234.    The allegations of paragraph 234 are denied.

235.    The allegations of paragraph 235 are denied.

236.    The allegations of paragraph 236 are denied.

## COUNT IX:  UNJUST ENRICHMENT

237.    Paragraph 237 merely incorporates prior allegations by reference.  Defendants incorporate their responses to those allegations by reference.

238.    The allegations of paragraph 238 are denied.

239.    The allegations of paragraph 239 are denied.

240.     The allegations of paragraph 240 are denied.

241.     Defendants deny that Plaintiffs are entitled to the relief set out in their Prayer for Relief at page 54 of their Complaint, subparagraphs a-i, or to any other relief.

242.     Any allegation of the Complaint not expressly admitted is denied.

## **AFFIRMATIVE DEFENSES**

243.     Any claims or disputes arising out of or related to contracts between Plaintiffs or their affiliates and Defendants or their affiliates are subject to binding arbitration agreements and are not properly before the Court under the Federal Arbitration Act, the Tennessee Uniform Arbitration Act, and other state laws.  Such arbitration claims and disputes include but are not limited to those described in paragraph 11, footnote 1, of the Complaint.

244.     Plaintiffs lack standing to assert claims on behalf of non-parties, including but not limited to other insurers, insured or self-funded plans, members, or governmental agencies.

245.     Plaintiffs cannot pursue those claims as to which they are not the real parties in interest, including but not limited to those of other insurers, insured or self-funded plans, members, or governmental agencies.

246.     Plaintiffs' claims are barred in whole or in part by statutes of limitation, including but not limited to Tennessee Code Annotated §§ 47-18-110, 28-3-105, 28-3-104(a), 56-53-107(c) & (e), and their counterparts in any other states.

247.     Plaintiffs' claims are barred in whole or in part by statutes of repose, including but not limited to Tennessee Code Annotated § 47-18-110.

248.     Plaintiffs' claims under Tennessee insurance law are their exclusive remedy under Tennessee Code Annotated § 56-53-108.

249.     Plaintiffs have failed to mitigate their alleged damages (which Defendants deny).

250. Plaintiffs are guilty of unclean hands and, as determined by a Nevada jury, of fraud, oppression, or malice in their actions directed at Defendants and their affiliates. Such acts bar in whole or in part Plaintiffs' claims for equitable relief, declaratory relief, interim or permanent injunctive relief, damages, or other relief. These acts include, but are not limited to, Plaintiffs' refusal to pay the undisputed portions of claims as determined by its own employees and other violations of state and federal law.

251. Plaintiffs are guilty of laches in failing to investigate and pursue their alleged claims in a timely fashion. Such acts bar in whole or in part Plaintiffs' claims for equitable relief and constitute a further failure to mitigate.

252. Plaintiffs' claims for treble, punitive, or enhanced damages or penalties are unconstitutional under the United States Constitution, including the Fifth, Eighth, and Fourteenth Amendments, under the Tennessee Constitution, and under applicable laws of other states.

253. Plaintiffs' claims are barred for failure to join indispensable parties.

254. Plaintiffs' claims are barred by fraud, to the extent that Plaintiffs adopted and utilized illegal and unlawful claim review and audit policies.

255. Plaintiffs' claims are barred by the doctrine of estoppel.

256. To the extent that Plaintiffs' claims have been raised in other pending litigation, they are subject to prohibitions against claim-splitting.

257. To the extent that Plaintiffs' claims have been raised and determined in other pending litigation or arbitration, they are subject to the doctrines of claim preclusion or issue preclusion.

WHEREFORE, Defendants pray that, after all due proceedings, the complaint be dismissed, that Plaintiffs take nothing, and that Defendants be awarded their costs and fees and such other relief as to which they may prove themselves entitled.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, P.C.**

*/s/ Gary C. Shockley*
Gary C. Shockley (BPR 010104)
Caldwell G. Collins (BPR 028452)
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
(615) 726-5704 (phone)
(615) 744-5704 (fax)
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

Nora A. Koffman (BPR 038025)
602 Sevier Street, Suite 300
Johnson City, TN 37604
(423) 928-0181(phone)
nkoffman@bakerdonelson.com

Matthew S. Mulqueen (BPR 028418)
W. Preston Battle IV (BPR 035044)
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000 (phone)
mmulqueen@bakerdonelson.com
pbattle@bakerdonelson.com

and

Martin B. Goldberg (FL BPR 827029)
(Admitted *pro hac vice*)
Justin C. Fineberg (FL BPR 53716)
(Admitted *pro hac vice*)
Lash & Goldberg LLP
2500 West Road, Suite 2200
Fort Lauderdale, FL 33331
(954) 384-2500 (phone)
mgoldberg@lashgoldberg.com
jfineberg@lashgoldberg.com

*Counsel for Defendants Team Health Holdings, Inc.;
AmeriTeam Services, LLC; and HCFS Health Care
Financial Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under Rule 5 of the Federal Rules of Civil Procedure that a true and exact copy of the foregoing Answer and Affirmative Defenses of Defendants Team Health Holdings, Inc., Ameriteam Services, LLC, And HCFS Health Care Financial Services, LLC was served on the following counsel of record via operation of the Court's electronic filing system:

Dwight E. Tarwater
Kendell Garrett Vonckx
Michael J. King
Paine Tarwater Bickers LLP
900 S. Gay Street, Suite 2200
Knoxville, TN  37902
det@paintarwater.com
kmg@paintarwater.com
mjk@painebickers.com

Charles Gokey
Jamie R. Kurtz
Jeffrey S. Gleason
Robins Kaplan Miller & Ciresi, LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN  55402
cgokey@robinskaplan.com
jkurtz@robinskaplan.com
jgleason@robinskaplan.com

Gregory S. Voshell
Paul D. Weller
Robins Kaplan Miller & Cerisi, LLP
900 Third Avenue, Suite 11900
New York, NY 10022
gvoshell@robinskalan.com
pweller@robinskaplan.com

Dated June  9, 2022.

*/s/ Gary C. Shockley*