# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE INSURANCE COMPANY, AND UMR, INC., <br><br>                  Plaintiffs, <br><br> v. <br><br> TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, LLC, <br><br>                  Defendants. | Case No. 3:21-CV-00364-DCLC-DCP |

## <u>STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER</u>

Plaintiffs United Healthcare Services, Inc., UnitedHealthcare Insurance Company, and UMR, Inc. (collectively "United"), and Defendants Team Health Holdings, Inc., AmeriTeam Services, LLC, and HCFS Health Care Financial Services LLC (collectively "TeamHealth") (Plaintiffs and Defendants are hereinafter referred to individually as a "Party" and collectively as the "Parties"), stipulate and agree as follows:

    1.   <u>Scope and Applicability</u>. Certain documents or electronically stored information discoverable under the Federal Rules of Civil Procedure may contain confidential information, as described herein, the disclosure of which may be prejudicial to the interests of a Party, or non-party individuals' health information deemed private under federal and state law. As defined below, such information, whether designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," is referred to herein as "Confidential Information." The Parties may, however, produce certain Confidential Information subject to the terms of this Stipulated Confidentiality and

Protective Order ("Protective Order"), which is applicable to the Parties, any additional parties joined in this litigation, and any third parties subject to this Protective Order or otherwise agreeing to be bound by this Protective Order.

The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment pursuant to this Protective Order.

The Parties acknowledge that Confidential Information shall be used only in this litigation and not for any other purpose, whatsoever, except to the extent such Confidential Information is exchanged in the normal course of business between the Parties and such exchange is more appropriately government by the course of conduct observed between the Parties, the course of conduct shall control.

2.    <u>Intent</u>. It is the intent of the parties that information will not be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" for tactical reasons and that nothing be so designated without a good faith belief that the subject information is entitled to the requested protection under applicable legal authority and the terms of this Protective Order.

3.    <u>Designation of Information</u>. Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production. Such designation shall be made at the time that copies are furnished to a Party conducting discovery, or when such documents are otherwise disclosed. Any such designation that is inadvertently omitted during production may be corrected by prompt written notification to all counsel of record.

a.    A Party may only designate as "CONFIDENTIAL" any document or

any portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains or reflects (a) proprietary, business sensitive, or confidential information that should otherwise be subject to confidential treatment pursuant to applicable federal or state law, or (b) Protected Health Information, Patient Identifying Information, or other HIPAA-governed information (described in paragraph 5, below).

b.      A Party may only designate as "ATTORNEYS' EYES ONLY" any document or portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains highly competitive or commercially sensitive (i) trade secrets or (ii) proprietary and non-public information, and regardless of whether designated under (i) or (ii), the disclosure of which would significantly harm business advantages of the producing or designating Party or information concerning third-party pricing and/or reimbursement rates (i.e., reimbursement rates that providers other than Defendants have charged or accepted and that insurers and payors other than the Plaintiffs have paid for claims similar to those at issue in this case) and that disclosure of such information could reasonably be expected to be detrimental to the producing or designating party's interests.

c.      For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), the producing Party shall affix, at a minimum, the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" (hereinafter "Legend"), to each page (or to the title of documents produced in a native electronic format) that contains the information to be protected. A Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEY'S EYES ONLY." After the inspecting Party has identified the documents or information it wants copied and produced, the producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing Party must affix the Legend to each page that contains the information to be protected.

d.     For information produced in form other than document and for any other tangible items, the producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the Legend.

e.     Confidential Information shall not include information that either:

i.   is in the public domain at the time of disclosure, as evidenced by a written document;

ii.  becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii. the receiving Party can show by written document was in the receiving Party's rightful and lawful possession at the time of disclosure; or

4

iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving Party.

4.     <u>Designation of Depositions</u>. The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony, or any exhibit identified during a deposition, is so designated and subject to the terms of this Protective Order or, alternatively, any Party may so designate a portion of the deposition testimony or exhibit within 30 days of receipt of the final deposition transcript by so stating in writing to opposing counsel. If designated during the deposition, the court reporter shall stamp the portions of deposition testimony or any exhibit designated as containing Confidential Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and access thereto shall be limited as provided herein. Following any deposition, all Parties agree to treat the entire deposition transcript and exhibits as "ATTORNEYS' EYES ONLY" until the 30-day window for designation following receipt of the final transcript has passed. Confidential Information shall not lose its character because it is used as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be used or disclosed in a deposition and marked as deposition exhibits; the Parties agree that, with the exception of the witness and court reporter, the only persons permitted under this Protective Order to be present during the disclosure or use of Confidential Information during a deposition, whether "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," are those permitted pursuant to the terms of this Protective Order to review the information or material sought to be used (see terms of paragraph 12, below). Absent an agreement between the Parties, if any person present at the

deposition is not permitted under this Protective Order to review the information or material sought to be used, such person not so permitted shall be instructed by the designating Party to leave the room during the period(s) in which the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information is being used or discussed. During the course of a deposition, counsel may anticipate such disclosure and designate in advance certain deposition exhibits, deposition testimony, and portions of any deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

     5.    <u>Protected Health Information and Qualified Protective Order</u>. Certain Confidential Information may be Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder at 45 CFR § 160.103. This Protective Order shall serve as a qualified protective order under HIPAA and its implementing regulations and shall serve as an order allowing covered entities to produce un-redacted documents and records requested in this action. For the purposes of this qualified protective order, "Protected Health Information" or "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. All "covered entities" (as defined by 45 CFR § 160.103) are hereby authorized to disclose PHI to all attorneys in this litigation. Pursuant to 45 C.F.R. § 164.512 and subject to rules of procedure governing this litigation, and without prejudice to any Party's objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the medical claims at issue in this litigation and discoverable under the Federal Rules of Civil Procedure, subject to all terms of this Protective Order. All PHI disclosed under this Protective Order must be designated as Confidential Information under paragraphs 3 and 4 above, and it shall be used solely for the prosecution or defense (including any appeal therefrom) of this action and shall not be used for any other purpose.

To the extent documents or information produced in this litigation have already been exchanged or will again be exchanged between the Parties in the normal course of business, treatment of such documents prior to or after the conclusion of this litigation shall be governed by each Party's legal obligations.

6.      <u>Specific Provisions Concerning Disclosure of PHI</u>. When PHI is disclosed between the Parties as authorized by this Protective Order, the names, dates of birth, and Social Security numbers of any individuals whose medical claims are not at issue in this lawsuit and who are otherwise identified in the PHI may be redacted to protect the identity of the patients, if the disclosing Party believes that is warranted under the particular circumstances. Upon receipt of any PHI disclosed between the Parties during the course of this litigation, the receiving Party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, HIPAA. Such measures may include filing PHI under seal and redacting patient names, dates of birth and Social Security numbers from documents containing PHI.

7.      <u>Non-Waiver of Privilege</u>. The production of documents and information shall not constitute a waiver in this litigation, or any other litigation, matter or proceeding, of any privilege (including, but not limited to, the attorney-client privilege, attorney work product privilege or common defense privilege) applicable to the produced materials or for any other privileged or protected materials containing the same or similar subject matter. The fact of production of privileged information or documents by any producing Party in this litigation shall not be used as a basis for arguing that a claim of privilege of any kind has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding. If a producing Party inadvertently

produces privileged documents or information, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production and inform the receiving Party in writing of the inadvertent production and the specific material at issue. The receiving Party, upon receiving such notice, shall promptly destroy or delete all such inadvertently produced privileged materials in its possession.

8. <u>Privilege Logs</u>. Each Party shall produce a privilege log, in Excel or similar sortable format, within thirty (30) days of the date it produces documents in this case if any documents are withheld from such production on the basis of any privilege. The Privilege Log shall contain sufficiently detailed information to allow the other Parties to intelligently assess whether to challenge the assertion of privilege on the document(s) logged. The receiving Party may, but is not obligated to, challenge the assertion of privilege as to any particular document(s). Before filing a motion for *in camera* review of any logged document(s), the Party challenging the logged document(s) shall advise counsel for the logging Party in writing (email or otherwise) of the challenge and identify the document(s) challenged. Within seven (7) days of receiving such notice, the logging Party shall advise the challenging Party whether it will withdraw the assertion of privilege on the challenged document(s). If the assertion of privilege is not withdrawn, and the challenging Party files a motion for *in camera* review of the challenged document(s), the Court may award relief consistent with the terms of Federal Rule of Civil Procedure 37.

9. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

   a. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies for protection under applicable legal principles and the terms of this Protective Order.

b.     If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

10.    <u>Burden of Proof and Challenges to Confidential Information</u>.

a.     Burden of Proof. The Party designating information as Confidential Information bears the burden of establishing the designated information is entitled to the level of protection sought under pursuant to the terms of this Protective Order.

b.     Right to Object. Nothing in this Protective Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY." Nor shall a Party's failure to challenge any designation(s) be construed as an admission or agreement that such information is or is not entitled to confidential protection under applicable federal or state law.

c.     Dispute Resolution. If a receiving Party contends that any document, or portion of a document, has been erroneously or improperly designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," such party shall initiate the dispute resolution process by providing written notice (email or otherwise) of the challenged designation, describing the basis for each challenge. The Parties shall attempt to resolve each challenge

in good faith and must begin the process by conferring directly within 14 days of the date of service of the written notice. In conferring, the receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the Parties cannot resolve a challenge without Court intervention, the Receiving Party may apply to the Court for an Order requiring the release of confidentiality. The document at issue shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" until (1) the Parties reach a written agreement, or (2) the Court issues an order ruling on the designation. Upon resolving any motion to remove a confidentiality designation under this Protective Order, the Court may award relief consistent with the terms of Federal Rule of Civil Procedure 37.

11.    <u>Restrictions on Disclosure</u>. All Confidential Information, including PHI, other than Confidential Information designated as "ATTORNEYS' EYES ONLY," produced or disclosed by either Party in this litigation shall be disclosed only to Qualified Persons identified in paragraph 12, who shall not make further disclosure to anyone except as allowed by this Protective Order. Confidential Information shall be used only in this litigation and not for any other purpose whatsoever. All Confidential Information designated as "ATTORNEYS' EYES ONLY," produced or disclosed by either Party in this litigation shall not be shown or communicated to anyone other than Qualified Persons identified in paragraphs 12(a), 12(b), 12(d), 12(e), 12(f),

12(g), 12(h), 12(i), and 12(k) below, which persons receiving Confidential Information designated as "ATTORNEY'S EYES ONLY" shall not make further disclosure to anyone except as allowed by this Protective Order. Documents designated as "ATTORNEY'S EYES ONLY" shall be maintained only at the offices of such Qualified Persons identified in paragraphs 12(a), 12(b), 12(d), 12(e), 12(f), 12(g), 12(h), 12(i), and 12(k) and only working copies shall be made of such documents.

12. <u>Qualified Persons</u>. "Qualified Persons" means:

    a.    The Court, court officials and authorized court personnel, jurors, stenographic reporters, and videographers at depositions taken in this action;

    b.    Counsel of record for the Parties (including partners, associates, paralegals, employees, and persons working at the law firms of the Parties' respective counsel), contract attorneys retained by counsel for the Parties to provide services in connection with this litigation, and in-house counsel for the Parties and their affiliates with responsibilities in connection with this litigation and with no responsibility for managed care network or rate negotiations. Such qualified in-house counsel will include the person holding the title and responsibilities of Chief Counsel for Revenue Payment Integrity or equivalent position within the Legal Department of TeamHealth, whose duties include oversight and management of this and related litigation. To the extent each such in-house counsel acquires any role, involvement, or responsibility for managed care network or rate negotiations during the litigation, that in-

house counsel will recuse him- or herself from any matters involving or relating to the other Party and may be replaced with in-house counsel who meets the above criteria;

c.   If the Party is an entity, current officers, directors, or employees of the Party, to whom the disclosure is reasonably necessary for this action;

d.   Third parties retained by counsel for a Party or by a Party as consulting experts or testifying expert witnesses;

e.   With respect to a specific document, the document's author, addressee, intended or authorized recipient, or a custodian or other person who otherwise possessed the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy;

f.   Nonparties to whom Confidential Information belongs;

g.   Witnesses who are appearing for deposition or other testimony in this case, or who are preparing to provide testimony, voluntarily or pursuant to a validly issued subpoena in any hearing, deposition, or trial, so long as counsel believes in good faith that disclosure of the Confidential Information is necessary for preparation for such testimony;

h.   A mediator or other settlement judge, and their supporting personnel, selected or agreed-upon by the Parties in connection with any attempted resolution of the litigation;

i.   Clerical or ministerial service providers, including outside copying services, litigation support personnel, or other independent third parties

retained by counsel for the Parties to provide services in connection with this litigation;

j.   If the Party is an entity, former officers, directors, or employees of the Party; or

k.   Any other person by order of the Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that PHI shall only be disclosed in accordance with this Protective Order or further order of the Court.

13.   <u>Acknowledgment</u>. Any Qualified Person identified in paragraph 12(d)–(k) to whom the opposing Party's Confidential Information is shown or to whom information contained in such materials is to be revealed shall first be required to execute the attached Acknowledgement and Agreement to Be Bound to Stipulated Confidentiality Agreement and Protective Order (the "Acknowledgement"), the form of which is attached hereto as "Exhibit 1" and to be bound by the terms of this Protective Order. As to each person to whom any Confidential Information is disclosed pursuant to the Acknowledgement and this Protective Order, such information may be used only for purposes of this litigation and may not be used for any other purpose.

14.   <u>Conclusion of the Litigation</u>. Upon conclusion of this Litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Information shall assemble and return to the producing Party all materials and information designated as Confidential Information, except all such materials constituting work product of counsel. In the alternative, all such materials may be destroyed, with written certification of destruction or deletion provided to the producing Party, except that a Party may retain Confidential Information generated by it, unless such Confidential Information incorporates

the Confidential Information of another Party in which case all such Confidential Information shall be destroyed or deleted. No originals or copies of any such Confidential Information will be retained by any person or entity to whom disclosure was made. However, counsel of record and Designated In-house Counsel for the Parties are permitted to retain copies of all pleadings, motions, depositions, and hearing transcripts (and exhibits thereto), exhibits, and attorney work product that contain Confidential Information (other than PHI) consistent with his or her ordinary file management or document retention policies or those of his or her firm. In doing so, the retaining Party agrees to keep all such documents quarantined for record retention only and not for use in other matters involving the Parties or with any other client or shared outside of the organization.

15.    Equal Application. This Protective Order may be applied equally to information obtained by a producer in response to any subpoena, including, in particular, information produced by non-parties. To the extent authorized by law, any non-party that designates any information as Confidential Information pursuant to this Protective Order shall agree to submit to the Court's jurisdiction with regard to the determination of disputes involving such designations.

16.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this litigation as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that Party must: (1) promptly notify in writing the designating Party and such notification shall include a copy of the subpoena or court order; (2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, and such notification shall include a copy of this Order; and (3) cooperate with respect to all reasonable procedures

Case 3:21-cv-00364-DCLC-DCP   Document 53   Filed 12/06/22   Page 14 of 23   PageID #: 445

sought to be pursued by the designating Party whose Confidential Information may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its designation(s) and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this litigation to disobey a lawful directive from another court.

17.     <u>List of Names</u>. All counsel shall maintain a list of the names of all third parties who are not parties to the underlying litigation to whom disclosure of Confidential Information was made, as well as all Acknowledgements signed by such third parties (Exhibit 1).

18.     <u>Retroactive Designation</u>. Confidential Information previously produced before the entry of this Order, if any, may be retroactively designated as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" and subject to this Protective Order by notice in writing of the designated class of each document by Bates number within 30 days of entry of this Order.

19.     <u>Inadvertent Production or Disclosure of Confidential Information</u>. The inadvertent or unintentional disclosure by a producing Party of Confidential Information that the Party believes should have been marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to or on the same or related subject matter. In the event that a Party inadvertently produces Confidential Information without the required "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation, the producing Party

Case 3:21-cv-00364-DCLC-DCP   Document 53   Filed 12/06/22   Page 15 of 23   PageID #: 446

shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as Confidential Information under this Protective Order, subject to the provisions in paragraph 10 regarding any challenges.

20. <u>Unauthorized Disclosure of Confidential Information</u>. If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, that Party must promptly (1) notify in writing the designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit 1.

21. <u>Use of Confidential Information at a Hearing or Trial</u>. Nothing in this Order shall limit a Party's ability to use, disclose, or offer into evidence at the time of trial or during a hearing any document or information designated as Confidential Information, subject to the rules of evidence and the Court's determination of the admissibility or confidentiality of the documents or information.

If a Party anticipates using or disclosing Confidential Information during a hearing (except for purposes of impeachment), it shall give the designating Party at least five (5) business days' notice prior to its use or disclosure. The Parties agree to confer in good faith to reach an agreement regarding the appropriate protections of the Confidential Information at issue. The Parties will comply with Local Rule 26.2 of the U.S. District Court for the Eastern District of Tennessee regarding any motion for documents to be sealed.

The Parties recognize and acknowledge that trials are open to the public. Absent an order of the Court, there will be no restrictions on the use of any document that may be introduced by any Party during the trial. If a Party intends to present Confidential Information, including documents or information derived from Confidential Information, at trial (except for purposes of impeachment), it shall give the designating Party at least five (5) business days' notice prior to the deadline to file Nondispositive Motions as set by the Scheduling Order or any amendments thereto by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential Information. The designating Party may file a motion for the documents to be sealed pursuant to Local Rule 26.2 of the U.S. District Court for the Eastern District of Tennessee no later than the deadline to file Nondispositive Motions as set by the Scheduling Order or any amendments thereto. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

This Protective Order is not intended to alter or shorten any deadline in any Scheduling Order entered by the Court; in the event of a conflict, the timelines prescribed in the Court's Scheduling Order(s) shall govern.

22. <u>Filing Pleadings with Confidential Information</u>. In the event a Party wishes to use unredacted Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this case, the Party shall either file a motion for the documents to be sealed pursuant to Local Rule 26.2 of the U.S. District Court for the Eastern District of Tennessee, or give the designating Party at least five (5) business days' notice to allow the designating Party to file a motion for the documents to be sealed pursuant to Local Rule 26.2 of the U.S. District Court for the Eastern District of Tennessee.

23. <u>Pre-Existing Confidentiality Obligations</u>. This Protective Order in no way modifies any prior agreement between the Parties that may be applicable.

24. <u>Additional Permitted Disclosures</u>. Information designated as Confidential Information pursuant to this Order also may be disclosed if: (1) the Party or non-party making the designation consents to such disclosure; (2) the Court, after notice to all affected persons, allows such disclosure; or (3) pursuant to paragraph 16, above.

25. <u>Disclosing Party's Use of Documents</u>. Nothing in this Confidentiality Order shall limit any producing Party's use of its own documents or shall prevent any producing Party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped Confidential Information. Documents or information exchanged between the parties outside of this litigation shall be governed by each party's legal obligations and not by this Order.

26. <u>No Waiver</u>. This Protective Order does not waive or prejudice the right of any Party or non-party to apply to a court of competent jurisdiction for any other or further relief or to object on any appropriate grounds to any discovery requests, move to compel responses to discovery requests, or object to the admission of evidence at any hearing on any ground.

27. <u>No Admission</u>. Entering into, agreeing to, or complying with the terms of this Protective Order shall not operate as an admission by any Party that any particular document, testimony, or information marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary, confidential, or competitively sensitive business,

commercial, financial, or personal information.

28.     <u>Modification</u>.   This Protective Order may be modified or amended either by written agreement of the Parties or by order of the Court upon good cause shown. No oral waivers of the terms of this Protective Order shall be permitted between the Parties.

29.     <u>Future Orders</u>. Nothing in this Protective Order shall prohibit the Parties from seeking an order from the Court regarding the production or protection of documents referenced herein or other materials in the future.

30.     <u>Good Cause</u>. The Parties submit that good cause exists for entry of this Protective Order, because it will allow for the exchange in discovery of sensitive or private Confidential Information while also protecting the important business and privacy interests described herein. To the extent that a particular designation under this Protective Order is challenged, the burden shall be upon the designating Party to show good cause for such specific designation.

31.     <u>Retention of Jurisdiction</u>. After termination of this action, the provisions of this Order shall continue to be binding. To the extent authorized by law, this Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information for enforcement of the provisions of this Order following termination of this litigation.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_

Debra C. Poplin
United States Magistrate Judge

**APPROVED FOR ENTRY:**

Dated: November 22, 2022.

**PAINE, TARWATER & BICKERS, LLP**

*/s/ Kendell G. Vonckx*
Dwight E. Tarwater (BPR #007244)
det@painetarwater.com
Michael J. King (BPR #015523)
mjk@painebickers.com
Kendell G. Vonckx (BPR #035139)
kgv@painetarwater.com
900 South Gay Street, Suite 2200
Knoxville, TN 37902-1821
Telephone: 865-525-0880
Facsimile: 865-521-7441

and

Jeffrey S. Gleason (*pro hac vice*)
jgleason@robinskaplan.com
Jamie R. Kurtz (*pro hac vice*)
jkurtz@robinskaplan.com
Charley C. Gokey (*pro hac vice*)
cgokey@robinskaplan.com
Robins Kaplan LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402–2015
T: (612) 349–8500

and

Paul D. Weller (*pro hac vice*)
pweller@robinskaplan.com
Gregory S. Voshell (*pro hac vice*)
gvoshell@robinskaplan.com
900 Third Avenue
Suite 11900
New York, New York 10022
T: (212) 980-7400

*Counsel for the Plaintiffs*

BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.

*/s/ Caldwell G. Collins*
Gary C. Shockley (BPR 010104)
Caldwell G. Collins (BPR 028452)
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
(615) 726-5704 (phone)
(615) 744-5704 (fax)
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

Nora A. Koffman (BPR 038025)
602 Sevier Street, Suite 300
Johnson City, TN 37604
(423) 928-0181(phone)
nkoffman@bakerdonelson.com

Matthew S. Mulqueen (BPR 028418)
W. Preston Battle IV (BPR 035044)
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000 (phone)
mmulqueen@bakerdonelson.com
pbattle@bakerdonelson.com

and

Martin B. Goldberg (FL BPR 827029)
(Admitted pro hac vice)
Justin C. Fineberg (FL BPR 53716)
(Admitted pro hac vice)
Lash & Goldberg LLP
2500 West Road, Suite 2200
Fort Lauderdale, FL 33331
(954) 384-2500 (phone)
mgoldberg@lashgoldberg.com
jfineberg@lashgoldberg.com

*Counsel for Defendants*

<u>**EXHIBIT 1**</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE INSURANCE COMPANY, AND UMR, INC., <br><br>                 Plaintiffs, <br><br>    v. <br><br> TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, LLC, <br><br>                 Defendants. | Case No. 3:21-CV-00364-DCLC-JEM |

<u>**ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER**</u>

I, _____, hereby acknowledge receipt of a copy of the Stipulated Confidentiality and Protective Order ("Protective Order") entered in the above-referenced action, and agree as follows:

1.      I acknowledge that I have read the Protective Order and agree to be bound by its terms and conditions with regard to any Confidential Information disclosed to me in accordance with the Protective Order.

2.      I will take all steps reasonably necessary to ensure that any secretarial, clerical, or other personnel who assist me in connection with my participation in this action will likewise comply with the terms and conditions of the Protective Order.

3.      I further understand that I am to retain all copies of all documents or information marked as Confidential Information pursuant to the Protective Order in a secure manner, and that

all copies of such materials are to remain in my personal custody until termination of my participation in the above-referenced litigation, whereupon the originals or any copies of such materials, and any work product derived from said information or materials, will be returned to counsel who provided the undersigned with such materials.

4. To assure my compliance with the Protective Order, I submit to the jurisdiction of the above-referenced Court for the limited purpose of any proceeding related to the enforcement of, performance under, compliance with or violation of the Protective Order and understand that the terms of the Protective Order obligate me to use materials designated as Confidential in accordance with the Protective Order solely for the purposes of the above-referenced litigation, and not to disclose any such Confidential Information to any other person, firm or concern.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of _____, 20_____.

Signature: _____

Name (printed): _____

Title/Position: _____

Employer: _____

Address: _____