UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITEDHEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE CO., and UMR, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:21-CV-364-DCLC-DCP |
| TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, HCFS HEALTH CARE FINANCIAL SERVICES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are three Motions to Compel [Docs. 93, 95, and 97], the Motion to Release Confidentiality Designations [Doc. 99], and four Motions to Seal [Docs. 102, 108, 117, and 120]. On March 25, 2025, the parties filed a Joint Status Report [Doc. 125]. The Joint Status Report states that the parties are still meeting and conferring on some of the issues raised in the pending motions [*Id*. at 2–3]. The Court strongly encourages the parties to continue to meet and confer in good faith to resolve the issues. Further, the Court **ORDERS** the parties to provide a joint status report on the Motions to Compel [Docs. 93, 95, and 97] and the Motion to Release Confidentiality Designations [Doc. 99] on or before **April 16, 2025**. The undersigned will contact the parties to set a hearing on any remaining matters.

1

With respect to the partis' Motions to Seal [Docs. 102, 108, 117, and 120], they generally cite to the parties' Stipulated Confidentiality and Protective Order [Doc. 53] as a basis to seal the documents. This Court regularly signs such orders pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. But as the Sixth Circuit Court of Appeals has explained, "[T]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). This is because the public has a strong interest in court records. *Id*. (citation omitted). The burden to overcome this presumption of open court records is "a heavy one." *Id*. (citation omitted). Citing to a protective order does not meet that heavy burden. To that end, the Court will enter its standard Memorandum and Order Regarding Sealing Confidential Information to assist the parties with the standard to seal and the procedure for sealing. Moving forward, the parties SHALL comply with that order.

Turning to the parties' specific requests in the Motions to Seal [Docs. 102 and 120] and portions of the Motion to Seal [Doc. 108],[1] they relate to the pending Motion to Release Confidentiality Designations [Doc. 99]. The Court will therefore **HOLD IN ABEYANCE** these motions [**Docs. 102, 108, and 120**] as the parties' status report may affect the ruling on them. To the extent the parties' meet and confer affects the Motions to Seal, they **SHALL** include any necessary information in their joint status report.

Portions of Plaintiffs' Motion to Seal [Doc. 108] relate to its response in opposition to Defendants' Motion to Compel Discovery ("Response"). Specifically, Plaintiffs seek to seal its

---

[1] Plaintiffs' Motion to Seal [Doc. 108] relates to its response in opposition to Defendants' Motion to Compel Discovery and its response in opposition to Defendants' Motion to Release Confidentiality Designations.

Response [Doc. 109 SEALED], the Declaration of Joseph Clark [Doc. 109-1 SEALED], and Exhibits 4 and 5 [Docs. 109-2 and 109-3 SEALED] thereto. For grounds, Plaintiffs state that both parties have marked the documents as "Confidential" or "Attorneys' Eyes Only" [Doc. 108 p. 2]. To the extent the parties wish to maintain these documents under seal, they **SHALL** file a supplemental brief on or before **April 16, 2025**, with legal authority for their position.

Plaintiffs' Motion to Seal [Doc. 117] seeks to file documents under seal in support of its Reply in Support of its Second Motion to Compel Discovery ("Reply"). Specifically, it seeks to file the Rely [Doc. 118 SEALED] and Exhibits 1 to 3 [Docs. 118-1 to 118-3 SEALED] thereto under seal. According to Plaintiffs, Defendants "marked these documents 'Confidential' or 'Attorneys' Eyes' Only" [Doc. 117 p. 2]. Defendants have not responded to the motion. To the extent Defendants wish to maintain these documents as sealed, they **SHALL** file a supplemental brief on or before **April 16, 2025**, with legal authority for their position.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge