UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITEDHEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE CO., and UMR, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:21-CV-364-DCLC-DCP ) |
| TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the parties' Motions to Seal [Docs. 102, 108, 117, and 120]. On April 1, 2025, the Court entered an Order holding [Docs. 102, 108, and 120] in abeyance pending the parties' joint status report and directing supplemental briefing to the extent the parties wish to seal the documents [Doc. 126]. The Court has reviewed the parties' status report [Doc. 128] and the parties' supplemental filings [Docs. 129, 130, 131]. The Court will now turn to the parties' motions.

**I.      ANALYSIS**

On April 1, 2025, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 127] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a

1

Case 3:21-cv-00364-DCLC-DCP    Document 133    Filed 05/06/25    Page 1 of 9
PageID #: 2295

court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3]. The Court may seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

### A. Defendants' Motion to Seal [Doc. 102]

Defendants seek "leave to file memoranda of law and selected exhibits to the memoranda under seal and to file a redacted version of the memoranda of law on the public docket" [Doc. 102 p. 1]. Specifically, Defendants seek leave to file under seal their Memorandum in Support of their Motion to Compel Discovery [Doc. 98 redacted; Doc. 103 SEALED], their Memorandum of Law in Support of their Motion to Release Confidentiality Designations and Remove Improper Confidentiality Redactions [Doc. 100 redacted; Doc. 103-1 SEALED], and Exhibits 2–28 and Exhibit 30–35 [Doc. 101-2 (Ex. 2) redacted; Docs. 103-2 to 103-34 SEALED].[1]  For grounds, Defendants state that Plaintiffs designated this information as Confidential or Attorneys' Eyes Only [Doc. 102 p. 2].

Plaintiffs respond to the motion that Defendants "seek[] to file under seal approximately 30 documents that [Plaintiffs have] designated under the Stipulated Protective Order as either Confidential or Attorney's Eyes Only" [Doc. 110 p. 2]. Defendants have challenged these designations [*see* Docs. 100 redacted, Doc. 103-1 SEALED]. Plaintiffs therefore incorporate their

---

[1]  Defendants also state that they have filed Exhibit 29 under seal [Doc. 102 p. 2], but the Court believes this to be a typographical error. Exhibit 29 is not included in the sealed documents and is publicly available as [Doc. 101-3].

response in opposition to that motion [Doc. 110 p. 1 (citing [Doc. 107)].

*Analysis.*  One of the disputes in this case is whether Plaintiffs have properly designated their documents.  Given that, the Court **PROVISIONALLY GRANTS** [**Doc. 102**], and Defendants' Memorandum in Support of Motion to Compel Discovery [**Doc. 103**], their Memorandum of Law in Support of their Motion to Release Confidentiality Designations and Remove Improper Confidentiality Redactions [**Doc. 103-1**], and Exhibits 2–28 and Exhibit 30–35 [**Docs. 103-2 to 103-34**] **SHALL REMAIN SEALED**.  The Court expresses no opinion on the merits of Plaintiffs' designations, and the Court may revisit this decision.  *See* Fed. R. Civ. P. 5.2(d).

### B. Plaintiffs' Motion for Leave to File Documents Under Seal [Doc. 108]

Plaintiffs seek leave to file documents associated with their Response in Opposition to Defendants' Motion to Compel Discovery ("Opposition to Motion to Compel") [Doc. 104 redacted; Doc. 109 SEALED] and Exhibits 4 and 5 thereto [Docs. 109-2 and 109-3 SEALED].  In addition, Plaintiffs move to file under seal the Declaration of Joseph Clark [Docs. 104-6 and 107-5 redacted; Doc. 109-1 SEALED], and Exhibit 3 to their Response in Opposition to Defendants' Motion to Release Confidentiality Designations and Remove Confidentiality Designations ("Opposition to De-designate") [Doc. 109-4 SEALED].  For grounds, Plaintiffs state that the parties "have marked those documents 'Confidential' or 'Attorney's Eyes Only'" [Doc. 108 p. 2].

Defendants filed a supplemental brief explaining that Plaintiffs' Opposition to the Motion to Compel "argues that [Plaintiffs] should not be required to produce information related to [the] treatment of Medicare Advantage claims, which [Defendants have] requested through Rule 34 document requests" [Doc. 130 p. 2 (citation omitted)].  Defendants explain that Exhibit 4

3

[Doc. 109-2 SEALED] to Plaintiffs' Opposition to the Motion to Compel "is a 2023 Business Requirements Document related to 'changes to [Defendants'] proprietary Armor coding software' addressing the American Medical Association's 2023 updates to the Current Procedural Terminology ('CPT') guidelines" [*Id.* at 2–3 (citations omitted)]. In support of its request to seal this exhibit, Defendants rely on the Declaration of Paula Dearolf, the Executive Vice President for Revenue Cycle Operations for Defendant HCFS Health Care Financial Services, LLC ("HCFS") [Doc. 131 ¶ 1]. According to Ms. Dearolf, Exhibit 4 includes "detailed and proprietary information on [Defendants'] business needs regarding CPT coding, [Defendants'] coding process, and technical design details regarding Armor and [Defendants'] other coding and billing platforms" [*Id.* ¶ 5]. She contends that Defendants have "invested substantial time and resources into developing the proprietary Armor software and related coding process and systems" [*Id.*]. She further explains that Exhibit 4 "goes into a significant amount of technical detail regarding Armor programming, data flow, end-to-end workflows and system processes" and that "[p]ublic disclosure of [Exhibit 4] would place [Defendants] at an increased risk of competitive harm because it would allow [their] competitors to have an inside look, and potentially replicate at little cost, [their] proprietary systems and processes" [*Id.*].

With respect to Exhibit 5 [Doc. 109-3 SEALED] to Plaintiffs' Opposition to the Motion to Compel, Ms. Dearolf states that it "includes detailed auditing information for coders at [Defendant] HCFS's Alcoa Billing Center [Doc. 131 ¶ 6]. She explains that this exhibit "describes error rates and specific errors made by various coders" and that it "reveals confidential information about how [Defendants] perform[] [their] proprietary quality assurance process" [*Id.*].

Turning to Exhibit 3 [Doc. 109-4 SEALED] to Plaintiffs' Opposition to De-designate, Plaintiffs filed a supplemental brief explaining that it "contains a sample Administrative Services

Agreement ('ASA') between [Plaintiffs] and one of [their] third-party customers" [Doc. 129 p. 2]. Citing to its Opposition to De-designate, Plaintiffs claim that "ASAs are confidential and proprietary contracts between [them] and [their] customers" [*Id*.]. In support of their position, Plaintiffs rely on the Declaration of Joseph Clark [Doc. 107-5 redacted; Doc. 109-1 SEALED].

In addition, Plaintiffs request leave to redact eleven sentences from its Opposition to the Motion to Compel [Doc. 104 redacted; Doc. 109 SEALED]. Plaintiffs assert that the sentences contain "detail concerning the specific terms of [Plaintiffs'] ASA with [Defendants'] majority owner—who is one of [Plaintiffs'] ASO customers and not a named party to this lawsuit" [Doc. 129 pp. 3–4]. Further, Plaintiffs state that "they discuss certain specific ways that some of [Plaintiffs'] ASO customers have negotiated fees for [Plaintiff] to administer their health plans" [*Id*. at 4].

Finally, Plaintiffs seek redactions to the Declaration of Joseph Clark [Doc. 107-5 redacted; Doc. 109-1 SEALED]. They seek redactions to Mr. Clark's explanation of "the fee arrangements and other proprietary contractual terms" [Doc. 129 p. 4].

*Analysis.* With respect to Exhibits 4 and 5 to Plaintiffs' Opposition Motion to Compel, the Court finds that Defendants have established good cause to place these documents under seal. Exhibits 4 and 5 [**Doc. 109-2 and Doc. 109-3] SHALL REMAIN SEALED**.

Further, the Court has reviewed the documents that Plaintiffs seek to redact and finds them to be narrowly tailored. For the reasons set forth in Plaintiffs' Supplemental Brief, the Court finds they have established good cause to place such documents under seal. As noted in Part I, section A, to the extent these documents are subject to Defendants' challenge [*see* Doc. 99], the Court may revisit such sealing. *See* Fed. R. Civ. P. 5.2(d). The Opposition to the Motion to Compel

5

Case 3:21-cv-00364-DCLC-DCP   Document 133   Filed 05/06/25   Page 5 of 9
PageID #: 2299

[**Doc. 109**], the Declaration of Joseph Clark [**Doc. 109-1**], and Exhibit 3 [**Doc. 109-4**] to the Opposition to De-Designate **SHALL REMAIN SEALED**.

The Court therefore **GRANTS IN PART AND PROVISIONALLY GRANTS IN PART** Plaintiffs' Motion for Leave to File Under Seal [**Doc. 108**].

### C. Plaintiffs' Motion for Leave to File Documents Under Seal [Doc. 117]

Plaintiffs seek to file under seal its Reply in Support of its Second Motion to Compel ("Reply") [Docs. 116 redacted; Doc. 118 SEALED) and Exhibits 1, 2 and 3, thereto [Docs. 118-1 to 118-3 SEALED]. For grounds, Plaintiffs state that Defendants have marked these documents Confidential or Attorneys' Eyes Only [Doc. 117 p. 2].

Defendants filed a supplemental brief, stating that Plaintiffs filed a Second Motion to Compel, which "asks the Court to compel the production of documents that [Plaintiffs] contend[] . . . are being improperly withheld" [Doc. 130 p. 3]. In support of Plaintiffs' argument, Defendants state that Plaintiffs rely on Exhibit 1, which "is a proprietary training presentation given to [Defendants'] employees in 2021 by Dr. Rebecca Parker, [Defendants'] Chief Coding Officer [*Id*. at 3–4 (citation omitted)]. According to Ms. Dearolf, "The training material incorporates [Defendants'] proprietary policies and procedures related to Evaluation and Management and IDC-10 coding for emergency department encounters" [Doc. 131 ¶ 7]. Ms. Dearolf also submits that this exhibit "includes screen shots of [Defendants'] proprietary Armor software" [*Id*.].

Defendants state that Exhibit 2 [Doc. 118-2 SEALED] no longer needs to be sealed [*See* Doc. 130-1].

With respect to Exhibit 3, Ms. Dearolf states that it is "a non-public email chain addressing documentation of medical encounters by physicians and the impact of such documentation on [Defendants'] coding process" [Doc. 131 ¶ 8]. She explains that "[t]he [email] exchange addresses

6

[Defendants'] proprietary Armor coding platform, including non-public details on how Armor ingests and extracts information from medical charts" [*Id.*]. Ms. Dearolf states that "[p]ublic disclosure of [Exhibit 3] would place [Defendants] at an increased risk of competitive harm because it would allow [their] competitors to have an inside look at [Defendants'] proprietary Armor platform" [*Id.*]. She further submits that Exhibit 3 "includes protected health information (PHI) of patients and personally identifiable information (PII) of various medical providers[,]" who are not parties to this litigation [*Id.*].

*Analysis.* The Court finds that Defendants have established good cause to seal Exhibits 1 and 3 [Docs. 118-1 and 118-3]. Exhibits 1 and 3 [**Docs. 118-1 and 118-3**] **SHALL REMAIN SEALED**. In light of Defendants' representation that Exhibit 2 does not need to be sealed, the Court **DIRECTS** the Clerk's office to **REPLACE** the placeholder for Exhibit 2 [**Doc. 116-2**] with Exhibit 2 [**Doc. 118-2**]. Given that Exhibit 2 is no longer sealed, this may affect the redactions to the Reply [*See* Doc. 116]. The parties **SHALL** work together to identify any redactions that are no longer necessary. Plaintiffs **SHALL** refile an updated copy of their redacted Reply [Doc. 116] in CM/ECF on or before **May 9, 2025**. To the extent the redactions have not changed, the parties **SHALL** file a joint notice in CM/ECF on or before **May 9, 2025**.

The Court therefore **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion [**Doc. 117**].

### D. Defendants' Motion for Leave to File Documents Under Seal [Doc. 120]

Defendants seek leave to file under seal their Reply Memorandum in Support of the Motion to Compel Discovery ("Reply") [Doc. 122 SEALED]. Defendants explain that the Reply references the parties' ASA [Doc. 120 p. 2]. Plaintiffs designated this information confidential,

7

but "Defendants disagree that the ASA should be designated Confidential under the Protective Order" [*Id.*].

The Court has reviewed the Reply, and it references the parties' ASA, which Plaintiffs have designated confidential [*See* Doc. 129 p. 2]. Defendants have challenged Plaintiffs confidentiality designation [*See* Doc. 99]. For the same reasons as described in Part I, section A, the Court **PROVISIONALLY GRANTS** this motion [**Doc. 120**], and the Reply [**Doc. 122**] **SHALL REMAIN SEALED**.

The Court further notes that Defendants have also filed redactions to Exhibit 2 to the Reply [Doc. 121-2; Doc. 122-2 SEALED]. It does not appear any party supported these redactions, and it is unclear if these relate to the information being challenged in Defendants' Motion to De-Designate [Doc. 99]. The parties **SHALL** file a joint notice regarding the status of the redactions to Exhibit 2 on or before **May 9, 2025**.

Defendants also filed Exhibit 1 and Exhibit 3 under seal [Docs. 122-1 and Doc. 122-3]. These documents do not contain any redactions [*See* Doc. 121-1 and Doc. 121-3]. In order to maintain an orderly docket, the Court **DIRECTS** the Clerk's office to **DELETE** the sealed versions of Exhibits 1 and 3 [**Docs. 122-1 and 122-3**]. Moving forward, the parties shall not utilized the proposed sealed documents event in CM/ECF for any document that does not need to be sealed.

## II. CONCLUSION

For the reasons set forth above, the Court **PROVISIONALLY GRANTS** the motions **[Docs. 102 and 120]; GRANTS IN PART AND PROVISIONALLY GRANTS IN PART** the motion **[Doc. 108]**, and **GRANTS IN PART AND DENIES IN PART** the motion **[Doc. 117]**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge