UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITEDHEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE CO., and UMR, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:21-CV-364-DCLC-DCP |
| TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court via telephone on September 8, 2025, over discovery disputes pursuant to the provisions in the Scheduling Order [*See* Doc. 89 p. 2]. Specifically, Defendants served Request for Production ("RFP") Nos. 64 and 65, and Plaintiffs objected thereto. Attorneys Marcus Guith, Lindsey Collins, and Munir Meghjee appeared on behalf of Plaintiffs. Attorneys Caldwell Collins, Gary Shockley, Justin Fineberg, and Matthew Mulqueen appeared on behalf of Defendants.

With respect to RFP No. 64, Defendants seek the coding policies and procedures used by emergency room providers affiliated with Plaintiffs, including Sound Physicians. During the conference, Defendants generally argued that this information is relevant and proportional to the needs of the case. Plaintiffs responded that it does not seek relevant information and that it is not proportional to the needs of the case. Plaintiffs also offered to provide a declaration addressing

proportionality. In addition, Plaintiffs argued that they are not in possession, custody, or control of the documents. Defendants claimed that Plaintiffs waived that objection by not including it in their original response to RFP No. 64.

At this time, the Court does not have sufficient information to adjudicate these issues. The Court will therefore allow the parties an opportunity to brief the issues raised in their position statements and at the hearing. To the extent Defendants would like to pursue this matter, they **SHALL** file a motion on or before **September 19, 2025**. The Local Rules will govern the timing of responses and replies. *See* E.D. Tenn. L.R. 7.1(a).

With respect to RFP No. 65, it seeks information about Plaintiffs' initiatives to reduce utilization of emergency room visits. During the hearing, Defendants argued that Plaintiffs' expert disclosures show that they intend to argue that the increased acuity level in emergency room visits is evidence of fraud. Defendants claimed that Plaintiffs made efforts to reduce utilization of emergency rooms for less-urgent medical needs and encouraged members to seek treatment at other venues, such as walk-in urgent care clinics. Defendants asserted that while Plaintiffs argue that the increased acuity level in emergency room visits support an inference of fraud, there is an alternative explanation, which includes Plaintiffs' diversion of patients to other medical providers. Plaintiffs responded that their experts reviewed claims nationwide, so that any initiatives on their part, would apply to all providers. Defendants countered that they are the largest provider of emergency medical services so that any trend would disproportionally affect them.

Considering that Plaintiffs' expert analyzed industry-wide trends, the Court finds that RFP No. 65 seeks relevant information to the issues in this litigation and that it is proportional in light of the importance of the issues, the amount in controversy, Plaintiffs' access to the information, and the importance of this issue as it relates to Plaintiffs' expert disclosures. Plaintiffs **SHALL**

supplement their response to RFP No. 65 on or before **September 22, 2025**.[1]

       **IT IS SO ORDERED.**

                                      ENTER:

                                      _/s/ Debra C. Poplin_
                                      Debra C. Poplin
                                      United States Magistrate Judge

---

[1] The parties did not discuss any temporal limitations on RFP No. 65. To the extent temporal limitations are warranted, the parties shall meet and confer on that issue. Further, if Plaintiffs' search for documents yields numerous results, the parties shall meet and confer regarding appropriate search terms.