| | |
|---|---|
| UNITEDHEALTHCARE SERVICES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) 3:21-CV-00364-DCLC-DCP |
| v. | ) ) |
| TEAM HEALTH HOLDINGS, INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' ("TeamHealth") Motion to Appeal Magistrate Judge's Order Denying Defendants' Motion to Compel as to RFPs 48, 50, and 51 (the "Motion"). [Doc. 155]. Plaintiffs ("United") have responded [Doc. 159] to which TeamHealth replied [Doc. 162]. This matter is now ripe for resolution. For the following reasons, TeamHealth's Motion is **DENIED**.

### I.  BACKGROUND

This case involves a dispute between United and TeamHealth in which United alleges that TeamHealth has engaged in a type of insurance fraud called "upcoding." [Doc. 1, ¶ 55]. At a high level, United alleges that "[u]pcoding occurs when a provider submits a claim to an insurer or claims administrator utilizing an inaccurate billing code in order to obtain higher payment" and that "[t]he provider uses the billing code to deceive the insurer or claims administrator into overpaying by misrepresenting the type of degree of services rendered." *Id*. at ¶ 56. Based on these allegations, United asserted claims against TeamHealth for fraud, negligent misrepresentation, violations of the Tenn. Code Ann. §§ 56-53-102, 103, and 107, violations of the Tennessee Consumer Protection Act and other state consumer protection statutes, and

violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and conspiracy to violate civil RICO, 18 U.S.C. § 1962(d). *Id.* at ¶¶ 137–201, 211–36.

The parties have been engaged in discovery and presented numerous discovery disputes before United States Magistrate Judge Debra C. Poplin. *See* [Docs. 93, 95, 97, 99]. Magistrate Judge Poplin heard oral argument and issued an order resolving the pending motions that granted partial relief to both parties. [Doc. 146]. TeamHealth filed the instant Motion challenging a portion of Magistrate Judge Poplin's order – the denial of its motion to compel as to Requests for Production ("RFPs") Nos. 48, 50, and 51. *Id.* at pgs. 35–38. RFPs 48 and 50 sought "coding acuity data from Sound Physicians and other United-affiliated emergency-medicine groups," and RFP 51 sought "documents showing the corporate structure of those entities." [Doc. 156, pgs. 1–2]. Magistrate Judge Poplin found that "[t]o the extent that RFP No. 51 seeks Plaintiffs' corporate structure," "that request is relevant" but "RFP Nos. 48 and 50 do not seek relevant information." [Doc. 146, pg. 38]. She reasoned that "[w]hile Defendants argued that they need to see how other corporations were set up and coded claims, such information does not make it more or less likely that Defendants violated RICO or upcoded." *Id.*

TeamHealth then filed the instant Motion appealing Magistrate Judge Poplin's denial of its motion to compel United's responses to RFPs 48, 50, and 51. [Doc. 155]. Having carefully considered the parties arguments, the Court is now prepared to rule on them.

II.  **LEGAL STANDARD**

When reviewing a magistrate judge's order on a non-dispositive issue, the Court must accept it unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A federal magistrate judge has "broad discretion to regulate nondispositive matters." *Diorio v. TMI Hosp.*, No. 4:15-cv-1710, 2017 WL 1399869, at *2 (N.D. Ohio Apr. 19, 2017)

2

(quotation omitted). Review of nondispositive matters is "highly deferential" to the magistrate judge's decision-making authority. *Id.* (quotation omitted). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quotation omitted).

A factual finding is "clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (quotation omitted). "In the context of a discovery dispute, courts review a magistrate judge's decision for an abuse of discretion." *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014); *see, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("[A] court has broad discretion over discovery matters [and] a magistrate judge ... is overruled only if the district court finds an abuse of discretion.") (internal citation and footnote omitted). The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

### III. DISCUSSION

Generally, Federal Rule of Civil Procedure 26(b) enables parties to discover any unprivileged evidence or information relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The term "relevant" "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in in the case." *Barrio Bros., LLC v. Revolucion, LLC*, No. 1:18-CV-02052, 2021 WL 282549, at *3 (N.D. Ohio Jan. 28, 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Discovery requests,

however, are not limitless, and parties must be prohibited from taking "fishing expeditions" as district courts retain discretion to determine whether a discovery request is overly broad. *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016) (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

TeamHealth argues that Magistrate Judge Poplin's order is contrary to law because it applies the wrong standard, and the requested discovery is relevant to United's core allegations and TeamHealth's defenses. It contends that Sounds Physicians, an emergency department group partially owned by Optum (an affiliate of United), is a meaningful comparator because United made "comparative coding rates and organizational structure the foundation of their allegations." [Doc. 156, pg. 3]. Its theory is that this information is relevant because "[e]vidence that United's self-owned providers code use policies and procedures similar to TeamHealth's would make it less likely that TeamHealth's coding work is non-standard, inappropriate, or intentionally fraudulent." *Id.* at 4. Similarly, it argues that Sound Physician's corporate structure is relevant because if it employs a comparative structure to TeamHealth, then TeamHealth's "structure looks commonplace, not nefarious—directly rebutting 'distinctness,' 'enterprise,' and intent elements of the RICO claims." *Id.*

In response, United states that Sound Physicians is an emergency medicine staffing company in which Optum acquired a passive investment interest in 2018 and contends that "neither Optum, nor any other United entity, exercises control over Sound Physicians." [Doc. 159, pgs. 2–3]. United argues that TeamHealth only iterated its disagreement with Magistrate Judge Poplin's order and failed to explain how the order was clearly erroneous or contrary to law. *Id.* at 4. It goes on to state that Magistrate Judge Poplin's conclusion was not contrary to law because "[t]he coding acuity data for an entirely different medical group, which United does not control, cannot make it

more or less likely that TeamHealth engaged in upcoding" and "there are no conclusions to be drawn from Sound Physicians' corporate structure that make it or more less likely that TeamHealth was engaged in a RICO enterprise or association in fact." *Id.* at 5–6.

In reply, TeamHealth maintains that Magistrate Judge Poplin's order was contrary to law because it would "require a litigant seeking discovery to show that the information sought is capable of proving or disproving, by itself, an ultimate issue in the case." [Doc. 162, pg. 5]. TeamHealth reiterates the standard set out in *Oppenheimer*, that information sought is relevant if it "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in in the case" in support of its contention that the order was contrary to law. *Id.* at 2; 437 U.S. at 351.

Although Magistrate Judge Poplin's reasoning could have been more fully explained, her conclusion was neither an erroneous application of law nor an abuse of discretion. Contrary to TeamHealth's argument, the order does not state that the requested information would be dispositive; it simply finds that the information "does not make it more or less likely that [TeamHealth] violated RICO or upcoded." [Doc. 146, pg. 38]. This determination is consistent with the standard for relevance. Information concerning Sound Physician's coding acuity data or its corporate structure would not "reasonably … lead to other matter that could bear on" United's claims that TeamHealth engaged in upcoding and operated a RICO enterprise, or on TeamHealth's defenses. *Oppenheimer*, 437 U.S. at 351. The discovery TeamHealth seeks concerns Sound Physicians, an entity United does not control, and is not tied to proving or disproving the claims at issue. This is precisely the kind of "fishing expedition" district courts have discretion to limit. *Bentley*, 2016 WL 7976040, at *1 (citing *Surles*, 474 F.3d at 305). Magistrate Judge Poplin acted within that discretion in determining that the requests were overly broad and that discovery into

Sound Physician's coding practices or corporate structure is unrelated to the parties' claims and defenses.

## IV. CONCLUSION

For the reasons stated, TeamHealth's Motion [Doc. 155] is **DENIED.** The Court declines to vacate Magistrate Judge Poplin's order [Doc. 146] to the extent it (1) denies TeamHealth's motion to compel responses to RFP Nos. 48 and 50 in full, and (2) denies the motion as to RFP No. 51 to the extent it seeks discovery related to Sounds Physicians and other United-affiliated emergency-medicine providers.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge