UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITEDHEALTHCARE SERVICES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | 3:21-CV-00364-DCLC-DCP ) ) |
| TEAM HEALTH HOLDINGS, INC., et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' ("United") Motion to Appeal Magistrate Judge's Order Compelling Discovery on RFP No. 65 (the "Motion"). [Doc. 199]. Defendants ("TeamHealth") have responded [Doc. 207]. This matter is now ripe for resolution. For the following reasons, United's Motion is **DENIED**.

**I. BACKGROUND**

This case involves a dispute between United and TeamHealth in which United alleges that TeamHealth engaged in a type of insurance fraud called "upcoding." [Doc. 1, ¶ 55]. At a high level, United alleges that "[u]pcoding occurs when a provider submits a claim to an insurer or claims administrator utilizing an inaccurate billing code in order to obtain higher payment" and that "[t]he provider uses the billing code to deceive the insurer or claims administrator into overpaying by misrepresenting the type of degree of services rendered." *Id*. at ¶ 56. Based on these allegations, United asserted claims against TeamHealth for fraud, negligent misrepresentation, violations of the Tenn. Code Ann. §§ 56-53-102, 103, and 107, violations of the Tennessee Consumer Protection Act and other state consumer protection statutes, violations

of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and conspiracy to violate civil RICO, 18 U.S.C. § 1962(d). *Id*. at ¶¶ 137–201, 211–36.

The parties engaged in extensive discovery and on September 8, 2025, they participated in a telephone conference with United States Magistrate Judge Debra C. Poplin to discuss a discovery dispute regarding TeamHealth's requests for production ("RFP") Nos. 64 and 65. [Doc. 188]. Prior to the conference, Magistrate Judge Poplin ordered the parties to submit single-page position statements addressing each request. [Doc. 200, pg. 3; Docs. 200-3, 200-4]. The parties were unable to resolve their dispute during the conference and Magistrate Judge Poplin took the matter under advisement. [Doc. 188]. After the conference, Magistrate Judge Poplin issued an order (the "Discovery Order") requiring full briefing on a motion to compel for RFP No. 64 but ordered United to produce responsive documents for RFP No. 65 two weeks from the date of the order, by September 22, 2025. [Doc. 189].

On September 16, 2025, United moved to stay that Discovery Order pending appeal, and this Court referred the motion to stay to Magistrate Judge Poplin for disposition. [Docs. 190, 194]. On October 3, 2025, Magistrate Judge Poplin denied the motion to stay and ordered United to produce the discovery requested in RFP No. 65 no later than October 24, 2025. [Doc. 204].

Currently before the Court is United's motion to appeal the Discovery Order directing it to produce the information sought in RFP No. 65. [Doc. 199]. In RFP No. 65, TeamHealth seeks "all documents reflecting the results of any initiative to reduce utilization of emergency rooms, including the impact on acuity of patients in the emergency rooms and financial savings opportunities or financial results achieved from these initiatives." [Doc. 200-1, pg. 8]. United objects to the Discovery Order on two grounds: 1) because it was issued without adequate procedural due process and 2) because it "rests on a misapprehension of the purported relevance

of the discovery sought." [Doc. 200, pg. 2]. TeamHealth responded in opposition [Doc. 201] and this matter is now before the Court for resolution.

## II.    LEGAL STANDARD

When reviewing a magistrate judge's order on a nondispositive issue, the Court must accept it unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A federal magistrate judge has "broad discretion to regulate nondispositive matters." *Diorio v. TMI Hosp.*, No. 4:15-cv-1710, 2017 WL 1399869, at *2 (N.D. Ohio Apr. 19, 2017) (quotation omitted). Review of nondispositive matters is "highly deferential" to the magistrate judge's decision-making authority. *Id.* (quotation omitted). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quotation omitted).

A factual finding is "clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (internal quotation marks and quotation omitted). "In the context of a discovery dispute, courts review a magistrate judge's decision for an abuse of discretion." *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014); *see, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("[A] court has broad discretion over discovery matters [and] a magistrate judge ... is overruled only if the district court finds an abuse of discretion.") (internal citation and footnote omitted). The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## III. DISCUSSION

### A. Discovery Order Procedure

United contends that Magistrate Judge Poplin should have required TeamHealth to file a motion to compel for RFP No. 65 and given United the opportunity to fully brief the issue and substantiate its arguments after the parties were unable to resolve their dispute at the conference. [Doc. 200, pg. 6]. It argues that the Discovery Order is contrary to law because it violates the Amended Scheduling Order, the Court's Local Rules, and the Federal Rules of Civil Procedure.

Neither the Court's Local Rules nor the Federal Rules of Civil Procedure mandate that a party is entitled to engage in motion practice to resolve a discovery dispute and United cites no caselaw that supports this argument. United relies on Local Rule 7.1—but it merely sets forth the briefing schedule and formatting requirements. *Id.* Notably, Rule 7.1 is the default standard "[u]nless the Court notifies the parties to the contrary." E.D. Tenn. L.R. 7.1(a). Federal Rules of Civil Procedure 26 and 37 similarly do not mandate processes for resolving discovery disputes. *See, e.g.*, *J & R Passmore, LLC v. Rice Drilling D, LLC*, No. 2:18-CV-01587, 2023 WL 2633671, at *4 (S.D. Ohio Mar. 24, 2023) ("Plaintiffs suggest that the order was premature because Defendants had failed to comply with the exhaustion requirements of Federal Rules of Civil Procedure 26 and 37. Plaintiffs read into Rule 37 a mandatory requirement that parties formally move to compel discovery, but the language of the rule states simply that a party 'may' move for an order compelling disclosure after attempting extrajudicial negotiations.").

Magistrate Judge Poplin's decision was not an abuse of discretion. "District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citing *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)). The parties complied with the Amended Scheduling Order, which instructs that "[p]rior

to filing motions to compel, the parties shall contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute." [Doc. 89, pg. 2]. Magistrate Judge Poplin gave both parties an opportunity to present their arguments in a one-page position statement for each discovery request and they participated in a 40-minute conference prior to the entry of the Discovery Order. [Docs. 188, 200-3, 200-4]. As the court held in *J & R Passmore*, on a similar issue, the parties did not need to reach the motion to compel stage because "the matter was resolved by that Magistrate Judge within her broad discretion to resolve nondispositive discovery disputes." 2023 WL 2633671, at *4.

The Discovery Order found that "RFP No. 65 seeks relevant information to the issues in this litigation and that it is proportional in light of the importance of the issues, the amount in controversy, Plaintiffs' access to the information, and the importance of this issue as it relates to Plaintiffs' expert disclosures." [Doc. 189]. It was ultimately within Magistrate Judge Poplin's discretion to order United to supplement its response to RFP No. 65 without requiring TeamHealth to file a formal motion to compel. *See Pittman*, 901 F.3d at 642; *Wischermann Partners, Inc. v. Nashville Hosp. Cap. LLC*, No. 3:17-0849, 2019 WL 4415618, at *1 n.1 (M.D. Tenn. Sept. 16, 2019) ("Although no formal motion to compel was filed, given the time exigencies in this case and the narrow issues, the Court finds that an expedited resolution is appropriate and will therefore treat Plaintiffs' request as a motion to compel. Further, the parties were given an opportunity to present any facts and legal authority supporting their respective positions in the joint discovery dispute statement.").

B.  **RFP No. 65 Relevance**

United contends that the Discovery Order is contrary to law and misapplies the relevance standard because it misunderstands the factual predicate for TeamHealth's request. [Doc. 200,

pgs. 7–9]. TeamHealth alleges that one of United's theories of fraud is that "upcoding" can be inferred from the proportion of higher-level claims submitted relative to lower-level claims. [Doc. 201, pg. 2]. TeamHealth asserts that United has reiterated this theory in the Complaint, throughout its filings, and in its expert disclosures. *Id.* It states that these "expert disclosures cite statistics suggesting an industrywide trend of increased spending per ED visit over time, purporting that this increased acuity supports an inference of fraud." *Id.* In response, RFP No. 65 seeks "all documents reflecting the results of any initiative to reduce utilization of emergency rooms, including the impact on acuity of patients in the emergency rooms and financial savings opportunities or financial results achieved from these initiatives." [Doc. 200-1, pg. 8]. TeamHealth served RFP No. 65 as part of its defense seeking alternative explanations for United's assertions regarding inflated coding level rates. Accordingly, the Discovery Order found that RFP No. 65 seeks relevant information "[c]onsidering that [United's] expert analyzed industry-wide trends." [Doc. 189, pg. 2].

United claims that RFP No. 65 seeks irrelevant information because their experts reviewed claims nationwide, so any of United's alleged initiatives to reduce utilization of emergency rooms for less-urgent medical needs would apply to all providers, not just TeamHealth. [Doc. 200, pgs. 7–8]. United asserts that the discovery TeamHealth seeks has no impact on its expert's analysis as "United has never once suggested that, standing alone, a shift in this proportion for a single ER practice is indicative of upcoding." *Id.* at 8. Ultimately, United claims that the Discovery Order requiring it to produce these documents widens the scope of discovery beyond the bounds of Rule 26 and the information RFP No. 65 seeks is not relevant. *Id.* at 9.

Generally, Federal Rule of Civil Procedure 26(b) enables parties to discover any unprivileged evidence or information relevant to any party's claim or defense. Fed. R. Civ. P.

6

Case 3:21-cv-00364-DCLC-DCP    Document 233    Filed 11/21/25    Page 6 of 7
PageID #: 3906

26(b)(1). The term "relevant" "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in in the case." *Barrio Bros., LLC v. Revolucion, LLC*, No. 1:18-CV-02052, 2021 WL 282549, at *3 (N.D. Ohio Jan. 28, 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "A court is not permitted to preclude the discovery of arguably relevant information solely because, if the information were introduced at trial, it would be 'speculative' at best." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994).

Magistrate Judge Poplin acted within her discretion in determining that the information sought in RFP No. 65 is relevant. United contends that this discovery is overly broad and will be of little persuasive value because TeamHealth cannot use this information to "explain away its disproportionately excessive share of Level 5 claims." [Doc. 200, pgs. 8–9]. This is not the standard, however, as United's mere disagreement with Magistrate Judge Poplin's determination of relevance is not a basis for this Court to overrule the Discovery Order. *See Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently.").

IV. **CONCLUSION**

For the reasons stated, TeamHealth's Motion [Doc. 199] is **DENIED** and the Court declines to vacate the Discovery Order [Doc. 189] to the extent it compels United to supplement its response to RFP No. 65.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge