UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITEDHEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE CO., and UMR, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:21-CV-364-DCLC-DCP |
| TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On April 1, 2025, the Court entered a Memorandum and Order Regarding Sealing Confidential Information ("Memorandum and Order") [Doc. 127]. The Memorandum and Order requires that motions to seal contain the following:

### **Meet and Confer Certification**

**I, (undersigned attorney), counsel for (moving party), do hereby certify that I have met and conferred with counsel for (the designating party) in good faith to determine which documents (designating party) assert merit sealing. This motion to seal pertains only to those documents so identified by (designating party).**

[Doc. 127 p. 5].

On February 23, 2026, the parties filed Motions to Seal [Docs. 286, 291, 296, 315, and 320]. None of the motions contain the required certification [*See id.*].

On March 6, 2026, the parties filed the Joint Motion to Extend Deadline to Respond to Motions to Seal in Connection with Dispositive Motions and *Daubert* Challenges ("Joint Motion to Extend") [Doc. 336]. The parties request until March 30, 2026, to file responses to the Motions to Seal [*Id.*]. For grounds, they state that they have met and conferred and that they "anticipate that they will likely agree that a number of documents currently filed under seal or in redacted form may be filed on the public docket and/or with few redactions" [*Id.* at 2]. In addition, the parties state that "they will likely be required to file documents in redacted form or under seal in connection with their oppositions to the dispositive and *Daubert* motions, but that they will likely be able to subsequently agree to filing some of those documents on the public docket and/or in redacted form" [*Id.*]. "The [p]arties submit that rather than present the Court with multiple rounds of motions to seal and responses to adjudicate, it would promote judicial economy to allow [them] to respond to all applications for sealing at once, after the opportunity to narrow the scope of issues that may require Court resolution" [*Id.*].

As outlined in the Court's Memorandum and Order [Doc. 157], the parties are required to meet and confer prior to filing the motions to seal. One of the purposes of this requirement is so that redactions or sealing requests do not later change such that the parties must refile their documents and the Court must replace previously-filed documents. In other words, it facilitates an organized docket. Given that the Motions to Seal [**Docs. 286, 291, 296, 315, and 320**] do not comply with the Court's Memorandum and Order [Doc. 157], the Court **DENIES WITHOUT PREJUDICE** these motions. In accordance with Rule 12.2 of the CM/ECF Rules and Procedures, the Court **DIRECTS** the Clerk's office to **DELETE** the proposed sealed entries that are subject to the Motions to Seal [**Docs. 287; 287-1 to 287-8; 292; 292-1 to 292-3; 297; 297-1 to 297-11;**

**317; 317-1 to 317-9; 318; 318-1 to 318-5; 321; 321-1 to 321-6; 322; 322-1 to 322-11; 323; 324; 325; 328; 330; 330-1 to 330-68; 331; 331-1 to 331-11; 332; 333; and 334**].

The Court **ORDERS** the parties to meet and confer and file a joint motion to seal for each *Daubert* and dispositive motion on or before **March 16, 2026**.[1] The motions to seal **SHALL** comply with the standard and procedure for sealing documents outlined in the Court's Memorandum and Order [Doc. 157]. To the extent any redactions to documents have changed, the parties **SHALL** provide the docket number of the redacted version that was filed in CM/ECF.

In light of the above, the Court **DENIES AS MOOT** the parties' Joint Motion to Extend [**Doc. 336**]. Further, in order to give the parties time to meet and confer, the parties **SHALL** file their responsive briefs on or before **March 23, 2026**, and replies by **March 30, 2026**. Any sealing requests with respect to the responsive briefs and replies **SHALL** comply with the Court's Memorandum and Order [Doc. 157].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] To the extent one party does not agree to the other party's sealing request, that party may state so in the joint motion.