UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITEDHEALTHCARE SERVICES, INC., | ) | |
| UNITED HEALTHCARE INSURANCE CO., | ) | |
| and UMR, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:21-CV-364-DCLC-DCP |
| | ) | |
| TEAM HEALTH HOLDINGS, INC., | ) | |
| AMERITEAM SERVICES, LLC, | ) | |
| HCFS HEALTH CARE FINANCIAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Joint Motion for Leave to File Documents Redacted and Under Seal in Connection with Motion to Exclude Testimony of Andrea Brault ("Joint Motion") [Doc. 341]. Later, the parties filed a Notice of Corrected Filings [Doc. 393]. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 341**].

On April 1, 2025, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 127] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal

1

citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3].

As an initial matter, on March 24, 2026, Plaintiffs filed a Notice of Corrected Filings ("Notice") [Doc. 393]. They placed the Notice under seal, but it contains no confidential information. The Court therefore **DIRECTS** the Clerk's office to **UNSEAL** the Notice [**Doc. 393**]. The Notice states that Plaintiffs have refiled Exhibits 2, 8, 9, and 10 [*See* Docs. 393-1 to 393-4] and that the proposed sealed documents [Docs. 342, 342-1 to 342-3] may be stricken from the record. The Court therefore **DIRECTS** the Clerk's office to **DELETE** the proposed sealed documents [**Docs. 342, 342-1 to 342-3**] as they have been refiled.

The parties seek leave to file documents under seal that relate to Plaintiffs' Motion to Exclude the Testimony of Andrea Brault [Doc. 341]. First, the parties seek to seal Exhibit 2 [Doc. 393-1 SEALED], which is a copy of Dr. Brault's report. They request that this document be sealed in its entirety "because Dr. Brault discusses individual medical records of unrelated third-party individuals in great detail" [Doc. 341 p. 3]. The Court has reviewed Dr. Brault's report and finds that the parties have shown that it should be sealed. Specifically, this exhibit references in detail the medical records of patients who are not parties to this action. Exhibit 2 [**Doc. 393-1**] **SHALL REMAIN SEALED**.

Second, they seek to redact Exhibit 8, to protect the personal identifying information ("PII") of a non-party [Doc. 341 p. 3]. They filed a redacted version of Exhibit 8 [Doc. 341-6] and a sealed version of Exhibit 8 [Doc. 393-2]. The Court has reviewed Exhibit 8, and the redactions

2

are narrowly tailored to protect the PII of a non-party. Exhibit 8 [**Doc. 393-2**] **SHALL REMAIN SEALED**.

Third, the parties request that Exhibit 9 [Doc. 393-3 SEALED] be sealed because it "is a TeamHealth-produced document that . . . reflects the internal, confidential deliberations of TeamHealth's Coding Oversight Committee" [*Id.* at 3–4]. The Court has reviewed Exhibit 9, and although some of the information therein does not appear to be confidential, the Court agrees that overall, the committee meeting notes reflect the development and refinement of TeamHealth's proprietary coding tools as well as its internal operations" [Doc. 341 p. 4]. Exhibit 9 [**Doc. 393-3**] **SHALL REMAIN SEALED**.

And finally, they request that Exhibit 10 [Doc. 393-4 SEALED] be sealed because "it reflects the internal, confidential deliberations of TeamHealth's Coding Oversight Committee" [Doc. 341 p. 3]. They state, "This document is an internal spreadsheet tracking issues considered by TeamHealth's internal coding committees" and that it is "extremely detailed and tracks the deliberations of, and decisions made by, the coding committees over time" [*Id.* at 4]. The Court has reviewed Exhibit 10, and in light of the confidential details regarding Defendants' business and internal operations, the Court finds the parties' request well taken. Exhibit 10 [**Doc. 393-4**] **SHALL REMAIN SEALED**.

Finally, the parties agree that Exhibits 3–7 and the Memorandum in Support of Plaintiffs' Motion to Exclude Dr. Andrew Brault can be publicly filed [Doc. 341 p. 4]. The parties have filed these documents in the public record [*See* Doc. 340, 341-1 to 341-6].

The Court therefore **GRANTS** the parties' Motion to Seal [**Doc. 341**]. The Court, however, notes that it may reconsider any sealing decisions to the extent the circumstances warrant it. *See*

Fed. R. Civ. P. 5.2(d) ("The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.").

      **IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

4