UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITEDHEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE CO., and UMR, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:21-CV-364-DCLC-DCP ) |
| TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, HCFS HEALTH CARE FINANCIAL SERVICES, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Joint Motion for Leave to File Documents Redacted and Under Seal in Connection with Motion to Exclude Testimony of Stefan Boedeker ("Joint Motion") [Doc. 346]. Later, the parties filed a Notice of Corrected Filings [Doc. 393]. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 346**].

On April 1, 2025, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 127] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will

place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3].

The parties seek to redact Exhibit 1 to the Memorandum of Law in Support of Plaintiffs' Motion to Exclude Expert Testimony of Stefan Boedecker ("Memorandum") [Doc. 346 p. 3]. They have filed a redacted version [Doc. 346-1] and a sealed version [Doc. 347].  Exhibit 1 is the Expert Report of Dr. Daniel P. Kessler ("Kessler Report") disclosed by Plaintiffs. Plaintiffs claim that it is confidential "because it contains confidential, business-sensitive information disclosing out-of-network reimbursement rates, and because it contains confidential personal health information, specifically Claim IDs and dates of service" [Doc. 346 p. 3]. In addition, Plaintiffs submit, "Reimbursement rates are among the most sensitive data to a healthcare payor like United, and both a Claim ID and date of service are Protected Health Information or could be used to reveal Protected Health Information" [*Id.* (citing 45 CFR §§ 160.103, 164.514(b)(2)(i))].

The Court has reviewed the redactions to Exhibit 1, which are narrowly tailored, and finds the parties have met their burden to maintain them. Exhibit 1 [**Doc. 347**] **SHALL REMAIN SEALED**.[1]

The parties further agree that Exhibits 2 and 3 may be unsealed, and therefore, the Court **DIRECTS** the Clerk's office to replace the placeholder for Exhibit 2 [**Doc. 293-2**] with Exhibit 2 [**Doc. 346-2**] and the placeholder for Exhibit 3 [**Doc. 293-3**] with Exhibit 3 [**Doc. 346-3**]. The parties state that the Memorandum [Doc. 293] no longer needs redactions. The Court therefore

---

[1] The Court need not replace the formerly filed version of Exhibit 1 [Doc. 293-1] with the recently filed version of Exhibit 1 [Doc. 346-1] because "[t]he redactions have not changed since United's initial filing of this document in redacted form" [Doc. 346 p. 3].

2

**DIRECTS** the Clerk's office to replace the redacted Memorandum [**Doc. 293**] with the unredacted Memorandum [**Doc. 345**].

      **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3