UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITEDHEALTHCARE SERVICES, INC., | ) | |
| UNITED HEALTHCARE INSURANCE CO., | ) | |
| and UMR, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:21-CV-364-DCLC-DCP |
| | ) | |
| TEAM HEALTH HOLDINGS, INC., | ) | |
| AMERITEAM SERVICES, LLC, | ) | |
| HCFS HEALTH CARE FINANCIAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Joint Motion for Leave to File Documents Redacted and Under Seal [Doc. 536]. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 536**].

## I. ANALYSIS

On April 1, 2025, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 127] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from

1

the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3].

The parties seek leave to redact Exhibit 2 [Doc. 540-1 (redacted); Doc. 539-1 (sealed)], Exhibit 19 [Doc. 540-2 (redacted); Doc. 539-2 (sealed)], Exhibit 20 [Doc. 540-3 (redacted); Doc. 539-3 (sealed)], Exhibit 23 [Doc. 540-4 (redacted); Doc. 539-4 (sealed)] to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Opposition to Summary Judgment"). In addition, they seek leave to redact Plaintiffs' Opposition to Summary Judgment [Doc. 540 (redacted); Doc. 539 (sealed)], Plaintiffs' Responses to Statement of Undisputed Material Facts ISO Defendants' Motion for Summary Judgment ("Plaintiffs' Responses") [Doc. 543 (redacted); Doc. 542 (sealed)], and Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Opposition to Dismissal") [Doc. 538 (redacted); Doc. 537 (sealed)].

The parties filed this motion pursuant to the Court's July 10, 2026 Order [Doc. 514] adjudicating their previous sealing and redaction requests. The Court has reviewed the updated redactions, which are narrowly tailored. Exhibits 2, 19, 20, 23, Plaintiffs' Opposition to Summary Judgment, Plaintiffs' Responses, and Plaintiffs' Opposition to Dismissal [**Docs. 537, 539, 539-1, 539-2, 539-3, 539-4, 542**] **SHALL REMAIN SEALED**. The Court **DIRECTS** the Clerk's office to **DELETE** the previously filed sealed versions of Plaintiffs' Opposition to Summary Judgment, Plaintiffs' Responses, and Plaintiffs' Opposition to Dismissal [**Docs. 424, 425, 426**].

## II.     CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion to seal [**Doc. 536**]. The Court may revisit any sealing decision should the circumstances warrant it. *See* Fed. R. Civ. P. 5.2(d).

2

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3